## ADKINS v. MOORE.

1. A JURISDICTIONAL DEFECT may be objected at any time.
2. IBID.—TRIAL JUSTICE SUMMONS—TIME.—Where the amount claimed exceeds twenty-five dollars, the statute provides that the summons of the trial justice shall require the defendant to appear not more than twenty days from the date thereof, and to be served not less than twenty days before the day of trial. The defendant is, therefore, entitled to full twenty days after service, and a summons which required defendant to appear on the twentieth day after service was not within the jurisdiction of a trial justice, and this jurisdictional defect was not waived by the appearance of the defendant on the twenty-first day after judgment rendered.

Before WITHERSPOON, J., Greenville, April, 1894.

Action by G. R. Adkins against H. P. Moore *et al.*

*Messrs. Haynsworth & Parker*, for appellants.

*Mr. J. A. McCullough*, contra.

February 18, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. On the 20th of December, 1893, the following summons was served upon the defendants: "By F. B. McBee, Esq. To H. P. Moore and W. C. Moore, partners under firm name of H. P. Moore & Co. Complaint having been made unto me by G. R. Adkins that you are indebted to him in the sum of sixty dollars, on account of damages he has sustained by reason of your unlawfully seizing and taking away from him on or about the 5th day of August, 1892, one dark red heifer cow, with white streak down back and belly, which cow was property of this plaintiff; this is, therefore, to require you to appear before me in my office in Greenville, S. C., on the twentieth day from service of this summons, exclusive of the day of service, at 10 o'clock A. M., to answer the said complaint, or judgment will be given against you by default. Dated Green-

ville, S. C., December 18, A. D. 1893. F. M. McBee, trial justice. [Seal.] J. A. McCullough, plaintiff's attorney."

On January 9th, 1894, the plaintiff appeared before F. B. McBee, trial justice, and after hearing his testimony the trial justice endorsed upon the said summons the following: "I find for the plaintiff against the defendants, H. P. Moore & Co., the sum of sixty dollars, this 9th day of January, 1894. F. B. McBee, T. J." There was no affidavit made or filed in behalf of the plaintiff, showing that the defendant had not served any answer or demurrer. On January 10th, 1894, the defendants appeared before said trial justice, and made an affidavit which, amongst other things, alleged that when the summons was served upon them, they, in the presence of the constable, made a calculation as to the time of trial, and by some mistake or inadvertence estimated that it would be on January 10th, 1894, and on said day they appeared for trial, but found that judgment had been entered against them. Thereupon the trial justice, the plaintiff's attorney being present, made an order that the judgment by default be set aside, and a new trial awarded. Plaintiff appealed to the Circuit Court on the ground that said trial justice had no authority of law to set aside said judgment, which appeal was sustained. Defendants appealed to this court from the order of the Circuit Judge.

There is a jurisdictional defect apparent upon the face of the proceedings herein, which renders it unnecessary to decide the other question herein. This jurisdictional defect may be objected to at any time, as shown by the case of *Lowry* v. *Thompson*, 25 S. C., 416, where the objection was raised for the first time in the case by the Supreme Court.

Subdivision 16 of section 88 of the Code, as amended by the act of 22d December, 1891, reads as follows: "When twenty-five or more dollars is demanded, the complaint shall be served on the defendant not less than twenty days; and where less than that sum is demanded, not less than five days before the day therein fixed for trial," &c. Subdivision 12 of section 71 of the Code, which was construed in the case of *Simmons* v. *Cochran*, 29 S. C., 31, amongst other things provides: "And the said trial justice shall at the same time issue

a summons, with a copy of the undertaking, directed to the defendant, and requiring him to appear before the said trial justice at a time and place to be therein specified, and not more than twenty days from the date thereof, to answer the complaint of said plaintiff." Subdivision 16 of section 88 provides for the service of the summons *not less than twenty days* before the day therein fixed for the trial, while subdivision 12 of section 71 of the Code provides that the summons shall be directed to the defendant, requiring him to appear at a time and place to be therein specified, and *not more than twenty days* from the date thereof; but the principle is the same in both cases.

In the case of *Simmons* v. *Cochran, supra,* the court says: "Did the trial justice have jurisdiction? is the first question. The Code provides in such cases that the trial justice shall issue a summons directed to the defendant, requiring him to appear and answer, at a time and place to be therein specified, and not more than twenty days from the *date thereof.* It appears that both of the trial justices failed to observe this provision of the Code; the time fixed in the summons of each was beyond twenty days from the date of issue. This appears on the face of the proceedings. Why the General Assembly thought proper to enact such an unqualified requirement in such cases is not for this court to consider. It is so written in the statute book, and the language seems imperative—*not more* than twenty days. The summons is the paper which gives jurisdiction to the court over the person of the party brought in; and where the law has provided a special mode or character of said summons, either as to service, form, or otherwise, involuntary jurisdiction cannot be acquired without a compliance with said law. And especially is this so in all statutory proceedings and remedies. If a trial justice had the right to disregard the act as to the fixed time in the summons, for a day, or for three days, as in the summons here, why could he not also for a month, or a year? Who could interfere with his discretion? True, this seems a small matter in the case before us; but it is important that the powers of law, and requirements of the statutes in reference to the administration of the law, should be observed. This is best for all in the long run, although hardships may

sometimes occur by a strict adherence to such requirements."

The defendants were entitled to full twenty days from the time of service of the complaint till the day therein fixed for trial, and as they were required to appear on the *twentieth* day from the service thereof, the time was shorter than that required by law. The appearance of the defendants was not a waiver of this jurisdictional defect, as they did not appear until *after* the plaintiff had recovered judgment.

The judgment of this court is, that the order of the Circuit Court be reversed, and that the proceedings herein be dismissed for want of jurisdiction, without prejudice as to the merits of the claim.