## PAUL v. SOUTHERN RAILWAY CO.

MAGISTRATE—SERVICE OF SUMMONS—JURISDICTION—NEW TRIAL.— Where a magistrate hears a case involving $15 in less than five days after service of summons, exclusive of the days of service and trial, his judgment is void, and upon appeal the Circuit Court should dismiss the judgment for want of jurisdiction, without prejudice to plaintiff's claim, and not send the case back for new trial.

Before WATTS, J., Fairfield, September, 1896. Reversed.

Action by John F. Paul against the Southern Railway

Company in magistrate court. Judgment for plaintiff. Defendant appeals. New trial ordered. Defendant appeals.

*Mr. W. D. Douglass*, for appellant, cites: Code, subd. 16, secs. 88 and 407; 43 S. C., 173; 25 S. C., 416; 29 S. C., 31; 28 S. C., 122; 23 S. C., 166 and 120.

*Messrs. Ragsdale & Ragsdale*, contra, cite: 28 S. C., 119; 43 S. C., 173; 27 S. C., 156.

July 13, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiff sued out, before a magistrate, a summons and complaint by which judgment was demanded against the defendant for the sum of $15. These papers bore date the 8th of July, 1896, and required the defendant to appear for trial on the 14th of July, 1896, at 11 o'clock A. M. The summons was not served on the defendant until the 9th of July. The defendant, by its counsel, appeared before the magistrate on the day appointed for the trial, and objected to the jurisdiction of the court, upon the ground that the summons and complaint had not been served five days before the day appointed for trial. The objection was overruled, and the magistrate, after hearing the testimony adduced by the plaintiff, rendered judgment in his favor for the sum of $15, together with costs.

From this judgment defendant appealed to the Court of Common Pleas, upon the ground that the magistrate had no jurisdiction to try the case, and, therefore, no jurisdiction to render the judgment appealed from. This appeal was heard by his Honor, Judge Watts, who sustained the jurisdictional objection raised by defendant, but rendered judgment remanding the case to the magistrate for a new trial.

From this judgment defendant appeals to this Court, substantially upon the ground that the whole proceeding should have been set aside as null and void for want of jurisdiction, and hence there was error in remanding the case for a new trial.

There is no doubt that the Circuit Judge was right in sustaining the jurisdictional objection. Subd. 16, sec. 88, of the Code of Procedure; *Simmons* v. *Cochran*, 29 S. C., 31; *Adkins* v. *Moore*, 43 S. C., 173, and *Kelly* v. *Kennemore*, 47 S. C., 256. This being so, it seems to us that the lack of jurisdiction rendered the whole proceeding void, and hence, as was done in *Adkins* v. *Moore*, *supra*, the whole proceeding should have been dismissed for want of jurisdiction, without prejudice as to the merits of the plaintiff's claim.

The judgment of this Court is, that the judgment of the Circuit Court, remanding the case to a magistrate for a new trial, be reversed, and that the case be remanded to the Circuit Court, with instructions to dismiss the proceedings for want of jurisdiction, without prejudice as to the merits of plaintiff's claim.