Hon. YOUNG J. POPE, Associate Justice and Chief Justice.

Hon. EUGENE B. GARY, Associate Justice.

Hon. IRA B. JONES, Associate Justice.

Hon. C. A. WOODS, Associate Justice.

---

## STATE EX REL. BRUCE v. RICE.

1. CITIES AND TOWNS—ELECTIONS.—Upon refusal of members of town council to qualify, two wardens may order an election to fill the vacancies.

2. OFFICE—RULE TO SHOW CAUSE—PLEADINGS.—In actions to try title to office, it is not the proper practice to issue rule to show cause and make up issues on coming in of return, but the issues should be made by complaint and answer.

3. IBID.—CITIES AND TOWNS—OFFICER DE FACTO—INJUNCTION.—In actions to try title to office of intendant and wardens of a town, it is improper to restrain by injunction officers de facto from exercising the duties of the offices pending the litigation.

Before Townsend, J., Union, June, 1902. Reversed.

Action by W. W. Bruce, as intendant, and Wm. K. Thomas and J. A. Hancock, as wardens of the town of Carlisle,

1—66

against J. G. Rice, W. B. May, K. D. Bailey, J. D. Fleming and W. F. Bates. From Circuit orders all defendants, except Bates, appeal.

*Mr. J. C. Wallace,* for appellants, cites : *Complaint does not state facts to warrant injunction:* Code Proc., 240; 27 S. C., 408; 34 S. C., 62; 1 High on Inj., sec. 491; 35 S. C., 307; 51 S. C., 387; Code Proc., 424-443. *Undertaking should have been required:* 51 S. C., 388. *Injunction should not have been granted:* Code of Proc., 424-443; 15 S. C., 552; 19 S. C., 421; 23 S. C., 75; 2 S. C., 445; 15 Ency., 2 ed., 170; 2 High on Inj., sec. 1326; 9 Ency. P. & P., 1060; 17 Ency. P. & P., 416b and 413; 33 S. C., 612; 2 S. C., 81; Code, 1902, 1937-40; 8 S. C., 408; 32 S. C., 524; 23 S. C., 524; 8 S. C., 408.

*Messrs. B. T. Townsend* and *Munro & Sanders,* contra. *Mr. Sanders,* oral argument.

April 7, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action by summons and complaint as a substitute for proceedings in *quo warranto,* and it is sought to have determined who is entitled to the office of intendant and wardens of the town of Carlisle. The appeal is from an order of Judge Townsend, dated June 3, 1902, requiring defendants to show cause before him at chambers, at Union, S. C., on the 27th day of June, 1902, by what authority they are holding and exercising the duties of intendant, wardens and clerk and treasurer respectively, and why they should not be enjoined from further exercising any of the duties of said officers, and in the meantime enjoining and restraining them from discharging any of the duties of said offices until the further order of the Court. The exceptions to the said order are as follows:

"1. Because the verified complaint upon which it was based does not state facts sufficient to authorize it, and his Honor erred in granting it.

"2. Because his Honor erred in not requiring bond or undertaking on the part of plaintiffs at whose instance the injunction was granted as required by statute, upon granting the order of injunction.

"3. Because his Honor had no jurisdiction to make said order of injunction, and erred in granting the same.

"4. Because his Honor had no power to enjoin the duly declared elected, qualified and acting town council of Carlisle and clerk and treasurer thereof, from performing the functions of their office, of collecting taxes or otherwise until the right and question of title to said offices had been determined in an action in the Courts, and his Honor erred, therefore, in enjoining them temporarily and requiring them to show cause before him on June 27, 1902, why they should not be enjoined from further exercising any of the functions of said offices.

"5. Because no injunction is allowed as a remedy in the action and proceedings provided by statute for trying and determining the rights to office—Chapter 2, Title XIII., of the Code of Procedure; and his Honor, therefore, erred in granting said order of injunction and to show cause why it should not be made permanent."

From the allegations of the complaint, it appears: (1) That the town of Carlisle was duly chartered under the laws of this State. (2) That pursuant to said charter an election was held for intendant and wardens of said town on the 14th day of January, 1902. (3) That the managers of election counted the votes and declared W. H. Gist elected as intendant, and J. G. Rice and W. F. Bates, defendants, and W. H. Thomas and J. A. Hancock, plaintiffs, as wardens. (4) That W. H. Gist qualified as intendant and defendants, Rice and Bates, qualified as wardens. (5) That plaintiffs, Thomas and Hancock, refused to qualify, and that an election was held to fill such vacancies on February 3d, 1902, at which election defendants, W. B. May and K. D. Bailey, receiving the highest number of votes, were declared elected and qualified. (6) That defendant, Fleming, was chosen

clerk and treasurer by the council, and qualified. (7) That W. H. Gist, who had been declared elected as intendant, discharged the duties of the office until restrained from so doing by an order in the case of *State ex rel. W. W. Bruce, as Intendant,* v. *W. H. Gist.* (8) That after W. H. Gist was restrained from acting as intendant as aforesaid, the defendants, Rice, May and Bailey, met as wardens and attempted to elect J. G. Rice as intendant *pro tem.,* and that Rice has since been acting as such. It thus appears that defendants are at least *de facto* officers of said town. The complaint, however, alleges that at the election on January 14th, 1902, the managers unlawfully refused to allow nine qualified electors of said town to vote at said election, and that said electors desired and intended to vote for W. W. Bruce, as intendant, and for J. G. Rice, C. D. Anderson, W. K. Thomas and J. A. Hancock, as wardens; that the managers of election, out of a total of thirty-nine qualified electors presenting themselves to vote, allowed only twenty-two to vote, and that out of such twenty-two votes, the plaintiff, Bruce, received nine for intendant and W. H. Gist received thirteen for intendant; whereupon the managers illegally declared W. H. Gist the duly elected intendant.

The complaint further charges that the election to fill vacancies on February 3, 1902, was without authority of law. There is, then, no doubt that defendants, J. G. Rice and W. F. Bates, were duly elected and qualified wardens of said town at the time of the election to fill vacancies, and that W. H. Gist had been declared elected as intendant, and had qualified as such at that time. Sec. 1940, Code 1902, provides: "In case a vacancy shall occur in the office of intendant or any of the wardens by death, resignation, removal from the State or for any other cause, an election shall be held to fill such vacancy, and the intendant and warden (or wardens, as the case may be), shall give ten days' previous public notice of such election, &c." The election to fill the vacancies caused by the refusal of plain-

tiffs, Thomas and Hancock, to qualify, was within the power
of Gist, Rice and Bates, acting town council, to order.    It
being conceded that defendants, May and Fleming, received
the highest number of votes at that election, were declared
elected as wardens and qualified as such, the defendants con-
stituted the lawful town council of Carlisle at the time of the
action complained of in this appeal.    Even if it be true that
at the time of ordering the election to fill vacancies, Gist,
acting as intendant, had been enjoined from acting as in-
tendant, the act of Gist, Rice and Bates in ordering said
election was not void.    The complaint, therefore, does not
state a cause of action against the defendants, and would not
support the rule to show cause and the restraining order
from which the appeal is taken.

Furthermore, a rule to show cause and a restraining order
in the meantime is not proper in actions of this kind.    It
was common to issue a rule to show cause under the old
proceedings on information in the nature of *quo
warranto,* and, to make up the issues upon the return
to the rule; but the writ of *quo warranto* and pro-
ceedings by information in the nature of *quo warranto* are
abolished, and the only remedy in such cases is as provided
in section 424, *et seq.,* of the Code, which requires an action
by summons and complaint.    In such case the issues are
made by the complaint and answer, and not under rule to
show cause.    *State* v. *Evans,* 33 S. C., 612, 11 S. E., 697.

With reference to the restraining order, if there was any
power to issue the same, it must be found in some express
provision of law, for it is contrary to the established rules
of equity to restrain persons from exercising the
functions of public offices pending litigation as to
title thereto.    "Equity will refuse to enjoin officers
*de facto* from exercising the duties and functions pertaining
to their office, pending a litigation in the nature of *quo
warranto* to determine their title, such refusal being based
upon the recognition of that element of public interest which
requires that some one should continue to exercise the duties

of a public office pending a litigation as to its title." 2 High on Inj., 1315. Referring to sec. 240, *et seq.,* of the Code for power to issue such restraining order, we find none. It does not "appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to the plaintiff." It does not appear "that the defendant is doing, or threatens or is about to do, or procuring or suffering some act to be done, in violation of the plaintiffs' rights respecting the subject of the action, and tending to render the judgment ineffectual," nor does it appear "that defendant theatens or is about to remove or dispose of his property with intent to defraud, &c." The subject of the action is title to a public office, to which, so far as it appears, there are attached no fees, salary or emoluments. It could in no wise tend to preserve the subject of the action in *statu quo* by restraining the performance of public duties. The object of the foregoing section of the Code, as declared in *Pelzer, Rodgers & Co.* v. *Hughes,* 27 S. C., 415, 3 S. E., 785, "is to preserve the subject of controversy in the condition in which it is when the order is made until an opportunity is afforded for a full and deliberate investigation."

It is, therefore, the judgment of this Court, that the orders appealed from be reversed and set aside.