## BUTLER BROS. *v.* WELCH.

MAGISTRATE.—DATING A SUMMONS is not requisite to its validity, and unless on account of this error the summons gives no notice to defendant of day of trial in magistrate court, and he is thereby taken by actual surprise, the inadvertence does not effect the merits.

Before GAGE, J., Darlington, March, 1906. Affirmed.

Action by Butler Bros. against J. C. Welch and Elias Wright, trading as J. C. Welch. From Circuit judgment affirming judgment of magistrate J. W. Boykin, defendant appeals.

*Mr. Geo. H. Edwards,* for appellant, cites: 62 S. C., 545; 24 Ency., 515, 516, 527; 20 Ency. P. & P., 1159, 1160.

*Mr. J. Monroe Spears,* contra.

February 15, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS.  In this action, in the court of J.
W. Boykin, magistrate, the plaintiff made an affidavit, under
subdivision 16, of sec. 88, of the Code of Procedure, that he
was apprehensive of losing his debt if the process was made
returnable in the usual statutory time; and, therefore, the
magistrate issued his summons returnable in one day from
*the date* thereof at twelve o'clock, noon.  The summons con-
tained no date, but was served on the defendant, Elias
Wright, along with the plaintiff's affidavit and the verified
account, on January the 17th, 1902.  At one o'clock on the
following day, January the 18th, 1902, the defendant
Wright having failed to appear, judgment by default was
rendered against him.  On appeal the judgment of the
magistrate was affirmed by the Court of Common Pleas for
Darlington County.

The defendant Wright appeals to this Court, alleging
error on the part of the Circuit Court in not holding: 1st,
"that the said magistrate's court was entirely without juris-
diction, as the defendant had not due notice of the time set
for the trial of the case;" and 2d, "that the summons in this
case, made returnable within one day from the date thereof,
and bearing no date, was fatally defective, and that the judg-
ment by default against this defendant was void."

Placing a date on a summons is not, under the statute,
requisite to its validity.  *Smith* v. *Walker,* 6 S. C., 175.  On
an appeal from a magistrate's court the appellate court is
required "to give judgment according to the justice of the
case without regard to the technical errors and defects which
do not affect the merits."  Code of Procedure, sec. 368.
Whether the error of the magistrate in failing to date a sum-
mons which was returnable one day after date was technical
and not affecting the merits depends on whether the defend-
ant was misled to his prejudice by it.  As the defendant did
not move to set aside the summons and open the judgment
on proof by affidavit of actual surprise or misunderstanding
due to the error of the magistrate, the case turns on the
inquiry, whether on account of the error the summons on its

face afforded no notice to the defendant, as a man of ordinary understanding, that the cause would be heard by the magistrate on the day after the service. On this point there can be no doubt. The defendant could not have failed to observe the omission to write the date on the summons was an inadvertence, for this was obvious from the face of the paper; nor could he have failed to know the summons contemplated his appearance not later than one day after the service, for the actual date of the issue of the summons was necessarily before the service. There is no sound reason to suppose the defendant was misled, and, therefore, the error or inadvertence of the magistrate did not affect the merits.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.