### 8571

#### STATE *EX REL.* LINDSEY v. TOLLISON.

OFFICES—RULE—ACTION—JURISDICTION.—This Court has no original
   jurisdiction to determine the title to an office on a petition and rule
   to show cause in less than twenty days, where the one in possession
   of the office demurs to the jurisdiction of the Court on the ground
   that the proper proceeding is by action.
   MR. JUSTICE HYDRICK, MR. JUSTICE WATTS *concurring, thinks, also,
   that the petition should be dismissed because the proceeding is not
   of such importance and emergency as to warrant this Court, under
   its rules, to take jurisdiction in the first instance.*
   The CHIEF JUSTICE *thinks the petition should be considered because
   brought in the name of the State by the consent of the Attorney
   General and the respondent agreed, if demurrer were overruled, to
   an order of reference of the issues of fact.*

Petition in the original jurisdiction of this Court by P.
N. Lindsay against E. T. Tollison.

*Mr. Kurtz P. Smith,* for petitioner.

*Messrs. Bonham, Watkins & Allen,* contra.

June 6, 1913.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   The Court regrets that it cannot,
without a violation of the statute law of the State, settle
the controversy as to the office of supervisor of registration
in this proceeding.   But the defendant has interposed a
ground of demurrer which seems fatal to the proceeding.

The plaintiff, Lindsey, filed his petition in this Court in the name of the State by leave of the Attorney General, claiming to be one of the supervisors of registration of Anderson county, and alleging that the defendant, Tollison, without authority of law is holding the office and refuses to surrender it. The relief asked was as follows: "The plaintiff prays that this Court, in the exercise of its original jurisdiction, issue its order to the said E. T. Tollison, defendant above named, requiring him to answer and show by what authority he claims to hold and exercise the duties as a member of the board of registration of Anderson county.

"That it be adjudged that the said E. T. Tollison is unlawfully exercising the said office and that he be excluded therefrom, and that it be adjudged that the said P. N. Lindsey is entitled to hold and enjoy said office.

"That the said E. T. Tollison be required to pay the cost of this action, together with a fine, not to exceed two thousand ($2,000.00) dollars, as the Court may adjudge."

On this verified petition, the Chief Justice made an order, requiring the defendant to show cause before this Court, on 19 May, 1913, why the prayer of the petition should not be granted, and requiring him to serve on the plaintiff's attorney a copy of his answer, on or before 17 May, 1913. The order was not served on the defendant until 14 May, 1913. The defendant appeared and demurred to the jurisdiction, the ground being that the relief sought by the plaintiff could be obtained only by a civil action under sections 462 and 466 of Code of Procedure, and that a civil action could be commenced only by the service of summons in the form prescribed by the Code, requiring an answer to be served in twenty days.

Section 462, and so much of section 466 of Code of Procedure as is germane, read as follows:

462. "The writ of *scire facias,* the writ of *quo warranto,* and proceedings by information in the nature of *quo war-*

*ranto,* are abolished, and the remedies heretofore obtainable in those forms may be obtained by civil action under the provisions of this chapter. But any proceeding heretofore commenced, or judgment rendered, or right acquired, shall not be affected by such abolition."

466. "An action may be brought by the Attorney General in the name of the State, upon his own information, or upon the complaint of any private party, or by a private party interested, on leave granted by a Circuit Judge, against the parties offending, in the following cases:

1. "When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise within this State, or any office in a corporation created by the authority of this State."

It thus appears that a proceeding of this sort is an action, and that the provisions of law relating to actions apply to it. It has been held, accordingly, that such a proceeding should not be commenced by a rule to show cause. *Alexander* v. *McKennie,* 2 S. C. 81; *State ex rel. Parrott* v. *Evans,* 33 S. C. 612, 12 S. E. 816; *State ex rel. Bruce* v. *Rice,* 66 S. C. 1, 44 S. E. 80.

Section 177 requires that a civil action shall be commenced by the service of a summons, and section 178 prescribes its requisites, one of which is that the defendant be required to answer in twenty days. It might be said that the rule to show cause, issued by the Chief Justice, was, in substance, a summons, except that it required the defendant to answer in less than twenty days. But the requirement that he should answer in less time was a fatal jurisdictional defect, and for that reason it is inevitable that the proceeding be dismissed.

The judgment is that the petition be dismissed, without prejudice to the plaintiff to bring his action in the manner prescribed by law.

Petition dismissed.

MR. JUSTICE FRASER *concurs.*

MR. JUSTICE HYDRICK, *with whom concurs* MR. JUSTICE WATTS : Concurs in dismissing the petition for the reason stated by Mr. Justice Woods, and for the additional reasons that this case is not of such importance nor does it present such emergency as to call for the exercise of the original jurisdiction of this Court. I think, under the rule heretofore adopted by this Court, it should have been first presented to and heard by a Circuit Judge.

THE CHIEF JUSTICE *dissenting.* The Attorney General has given his consent for the proceedings to be brought in the name of the State, and the respondent's attorney stated in open Court that if the demurrer was overruled, he did not desire further time but was willing for an order of reference to be granted as to the issues of fact.

The respondent has not been deprived of any substantial right, and it will subserve no useful purpose to dismiss the proceedings.