21234

NEWBERRY COUNTY WATER AND SEWER AUTHORITY, Appellant, v. WELCO CONSTRUCTION AND UTILITIES CO., INC. and United States Fidelity and Guaranty Company, Defendants, of whom Welco Construction and Utilities Co., Inc. is Respondent.

266 S. E. (2d) 875)

*Pope & Schumpert,* Newberry, and *Robinson, McFadden, Moore & Pope,* Columbia, *for appellant.*

*Whaley, McCutchen & Blanton,* Columbia, *for respondent.*

May 19, 1980.

GREGORY, Justice:

Appellant Newberry County Water and Sewer Authority commenced this action against respondent Welco Construction and Utilities Co., Inc. by substituted service of a summons and complaint upon the Secretary of State. Welco entered a special appearance. The lower court dismissed the proceeding as to Welco on the ground the summons was jurisdictionally defective. This appeal followed. We affirm.

Substituted service was effected pursuant to Section 33-5-60, Code of Laws of South Carolina (1976):

Service of process on domestic corporations.

(a) The registered agent appointed by any domestic corporation shall be the agent of such corporation for service of any process, notice, or demand required or permitted by law to be served, and such service shall be binding upon the corporation.

(b) Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him, or with any person or persons designated by him to receive such service, duplicate copies of such process, notice, or demand. In the event any such

process, notice, or demand is served on the Secretary of State, he shall immediately forward one of the copies thereof by registered mail, addressed to the corporation at its registered office. Any service so had on the Secretary of State *shall be returnable in not less than thirty days.* (emphasis added)

It is undisputed Welco's registered agent was not at the corporation's registered office when appellant attempted to personally serve him pursuant to § 33-5-60(a), *supra.* Welco also admits its office was closed and the corporation out of business at the time of service. Personal service at the registered office being impossible, appellant then delivered duplicate copies of the summons and complaint to the Secretary of State in compliance with the substituted service provisions of § 33-5-60(b), *supra.* A courtesy copy of the pleadings was also mailed to counsel for Welco.

The summons served on the Secretary was a standard summons, complying in every detail with the requisites of Section 15-9-20 (1976 Code), which provides:

The summons shall be subscribed by the plaintiff or his attorney and directed to the defendant. It shall require the defendant to answer the complaint and serve a copy of his answer on the person whose name is subscribed to the summons at a place within the State, to be therein specified, in which there is a post office, *within twenty days* after the service of the summons, exclusive of the day of service. (emphasis added)

The court below ruled § 33-5-60(b) permits an answer to the complaint "in not less than thirty days." Since the summons served required an answer "within twenty days" from the date of service, the court reasoned it was jurisdictionally defective, relying on the cases of *Adkins v. Moore,* 43 S. C. 173, 20 S. E. 985 (1895) and *Paul v. Southern Railway Co.,* 50 S. C. 23, 27 S. E. 526 (1897). Those cases held magistrates' summons jurisdictionally fatal because they

required the defendants' appearance before the court in less time than prescribed by statute. See Section 22-3-120 (1976 Code).

Appellant first argues the phrase "returnable in not less than thirty days" found in § 33-5-60(b), *supra,* refers to return of proof of service rather than to the corporate defendant's return of responsive pleadings to the complaint. We disagree.

The interpretation urged by appellant finds no support from either this state's legislative history and comment or from other jurisdictions which have enacted comparable replicas of Section 14 of the Model Business Corporation Act as did South Carolina. As well, appellant's interpretation would lead to the absurd result of requiring the process server to wait thirty days before filing his proof of service while the defendant must answer within twenty days or face default.

The obvious reason for this legislatively carved exception to the general statutory requirement that responsive pleadings be served within twenty days, see Sections 15-13-310 and 15-9-20 (1976 Code), is to allow more time for response to a summons and complaint served upon the Secretary of State because the corporation's registered agent cannot be found at the location established for personal service.

We hold § 33-5-60(b) prohibits a plaintiff from requiring responsive pleadings to a summons and complaint in less than thirty days from the date of substituted service upon the Secretary of State.

The question remaining is whether the lower court correctly held the summons jurisdictionally defective because it required a response in less than thirty days.

We have heretofore held a rule to show cause was fatally defective where it required a defendant to answer in less than the twenty-day statutory period. *State ex rel. Lindsey*

*v. Tollison,* 95 S. C. 58, 78 S. E. 521 (1913). Similarly, in the cases advanced by respondent and relied upon by the lower court, magistrates' summons requiring an appearance in less time than that prescribed by statute were found inadequate to confer personal jurisdiction. *Adkins v. Moore* and *Paul v. Southern Railway Co., supra;* see also *Rosamond v. Earle,* 46 S. C. 9, 24 S. E. 44 (1896).

This Court recognized in *Adkins v. Moore* that:

The summons is the paper which gives jurisdiction to the court over the person of the party brought in; and where the law has provided a special mode or character of said summons, either as to service, form, or otherwise, involuntary jurisdiction cannot be acquired without a compliance with said law. And especially is this so in all statutory proceedings and remedies.

20 S. E. at 986.

We find this reasoning equally compelling to the case at bar. The defect in the summons here is not confined to some unnecessary aspect of the process such as the date placed upon it, *Butler Bros. v. Welch,* 76 S. C. 130, 56 S. E. 668 (1907); 72 C. J. S., *Process,* § 14(b), but rather it abridges the substantial right of the defendant to appear and be heard as provided by § 33-5-60(b).

While our research of this question leads us to the conclusion that no general rule is or can be laid down, see, e. g., 62 Am. Jur. 2d, *Process,* § 15, we apply what we consider the preferred view, and the one consistent with our case law, that where a defendant's return day is fixed by statute, a summons requiring an appearance in less than the statutory time is fatally and jurisdictionally defective. See also 72 C. J. S., *Process,* § 14; annotation, 97 A. L. R. 748 (supplementing annotation, 6 A. L. R. 843).

Accordingly, the judgment below is affirmed.

Affirmed.

LITTLEJOHN, NESS and HARWELL, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting):

This appeal involves the validity of substituted service of a summons and complaint pursuant to Section 33-5-60, Code of Laws of South Carolina 1976. No challenge is made to the validity of service, except as to the time stated in the summons within which an answer might be served.

Section 33-5-60, after providing for service on the Secretary of State, states:

Any service so had on the Secretary of State shall be returnable in *not less than thirty days.* (Emphasis added).

The general requirements for instituting an action in circuit court by a summons (Code Section 15-9-10) are found in Code Section 15-9-20. This section directs that the summons "shall require the defendant to answer the complaint and serve a copy of his answer . . . , *within twenty days* after the service of the summons, exclusive of the day of service." (Emphasis added).

Institution of an action in circuit court by a summons in the form prescribed by Section 15-9-20, including the time requirement of twenty days for answering, has been uniformly considered proper. The majority opinion, however, says that, where substituted service if effected, under Section 33-5-60, the summons, required by Section 15-9-20, *must state* that the defendant is required to answer in "not less than thirty days", or jurisdiction cannot be obtained.

There is nothing in the language of Section 33-5-60 to indicate that Section 15-9-20 was changed in any way, except to simply extend the time for answering, where substituted service is effected.

The cases relied upon by the majority are inapplicable to the present case. In those cases, the defendant was required to answer or appear in less time than that allowed

by the statute. Here, the general statute requires that the summons contain the requirement for answering *within twenty days*. There is no statute which mandates a different *requirement* for the summons. In this case, respondent has not been misled, nor was any action taken against him or required prior to the expiration of thirty days under Section 33-5-60.

I would reverse the judgment.