AMERICAN ELECTRICAL WORKS *vs.* JOHN DEVANEY.

APRIL 28, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Special Appearance. Jurisdiction.*

A party filing a special plea or motion does not submit to the jurisdiction of the court and thereby waive his special plea, when such plea being overruled, he excepts and proceeds to a trial upon the merits. After verdict, he can again in the appellate court insist upon his plea to the jurisdiction.

(2) *Service of Writ of Summons.*

Service of a writ of summons upon a manufacturing corporation was made as appeared by the return by leaving a copy of the writ with the secretary of the defendant.

*Held*, that, as under the provisions of C. P. A., § 526 (now Gen. Laws, 1909, cap. 300, § 4) service of a writ of summons upon the secretary of a corporation as such, can only be made when the action is against a bank or insurance company, and no other valid service appeared from the return, there was no legal service of the writ.

(3) *Service of Writs. Acts of Incorporation. Judicial Notice.*

Gen. Laws, 1909, cap. 32, § 15 provides that "every act of incorporation shall be so far deemed a public act that the same may be declared on and given in evidence, without specially pleading the same." The court taking notice of an act of incorporation which provides that the corporation shall have a place of business in a designated city will assume that it has complied with this requirement, thus showing that where service of a writ was made upon the company in another town that such service was not at the office of the company.

(4) *Equity. Injunction Against Action at Law. Adequate Remedy.*

Upon a bill in equity brought to enjoin further proceedings in an action at law where service of the writ is alleged to have been defective, it appearing that

complainant appeared specially in such action only to contest the juris-
diction and there excepted to the denial of its motion to dismiss the writ,
all of its rights are reserved if the action is sought to be further prosecuted
and the bill will be dismissed.

BILL IN EQUITY on facts stated in opinion.   Heard on appeal
of complainant from decree dismissing bill and affirmed.

BLODGETT, J.   This is an appeal from a decree entered by
the Superior Court sustaining the demurrer of the respondent
to the bill of complaint and adjudging that the bill of com-
plaint be dismissed.

The allegations of the bill are in substance that on or about
February 27, 1907, the respondent commenced an action at law
in the Superior Court against the complainant by writ return-
able March 12, 1907, and placed the writ in the hands of the
sheriff of Providence county for service; that March 1, 1907,
one Maurice A. Murray, being then a deputy sheriff in Provi-
dence county, made a pretended service of the writ by leaving
a true and attested copy of the same with one John E. Hayward
in his hands and possession and thereafter, on the same day,
made the following return:   "At East Providence in the county
of Providence, on this 1st day of March, A. D. 1907, I have
made service of the within writ by leaving a true and attested
copy of the same with Secretary of the said defendant corpora-
tion in his hands and possession."   That said Hayward was not,
on March 1, 1907, the secretary of the complainant and was not
an officer, agent or employee of the complainant; that no service
other than said pretended service was made of the writ and no
service of the writ has ever been made upon the complainant or
upon any officer, agent, attorney or servant of the complainant.

That the respondent filed the writ with the aforesaid return
thereon in the office of the clerk of the superior court, together
with the declaration and that after the entry of the cause by
the respondent and within the time within which the complain-
ant, if it had been served with the writ, might have demurred or
pleaded to the declaration, complainant entered its special
appearance in the action at law "for the sole purpose of object-

ing to the jurisdiction of the Superior Court over it in said cause," and at the same time complainant filed its motion that said cause be dismissed for want of jurisdiction arising from the fact that no service of the writ had been made upon the complainant, and that thereafter a hearing was had upon the motion at which the facts with reference to the pretended service of the writ were made to appear and without contradiction and thereafter the motion to dismiss was denied and the complainant caused its exception to the ruling dismissing the motion to be duly noted.

That no further proceedings were had in the action at law until October 24, 1908, when an order was made that the pleadings in the cause be closed on or before November 13, 1908; that the complainant has not entered an appearance in the action at law other than the aforesaid special appearance and is not subject to the order and jurisdiction of the Superior Court in that cause.

That the respondent has threatened and threatens to cause the action at law to be defaulted as against the complainant, to have damages assessed upon default, and to cause judgment to be entered against the complainant for the amount of the damages so to be assessed, and that it is the intention of the respondent, having obtained said judgment, to sue out execution upon the judgment and to cause the execution to be levied upon the property, both real and personal, of the complainant and to sell said property under and by virtue of such execution.

That any judgment so obtained against the complainant would be void and of no effect and that any sale upon an execution so obtained or so issued will be void and of no effect and that the purchaser at any such execution sale will acquire no title to complainant's property but that a pretended title acquired at any such execution sale will be a cloud upon the complainant's title to its said property.

The prayer of the bill is for a permanent injunction from further proceedings in the action at law above mentioned and for general relief.

The defendant has demurred to the bill for want of equity and

contends that the complainant has a complete and adequate remedy at law.   The defendant's contention is thus expressed on his brief:

"The remedy at law is adequate.   The record of the law case of John Devaney v. American Electrical Works shows that at an early stage in the proceedings in that case this complainant who was there the defendant, filed a special appearance and a motion to dismiss: further, on motion of this respondent, who was there the plaintiff, a hearing was had on the question of the right of this complainant to controvert the statements made in the officer's return, which was the basis of the motion to dismiss.   On decision being rendered in favor of John Devaney, exception was duly taken and noted for this complainant, so that by pursuing the ordinary course in the case at law, a decision could be had by this court upon the aforesaid exception.

"The complainant's counsel may object that in order to bring his exceptions before this court, he must under our practice, proceed to a trial upon the merits and by so doing would submit to the jurisdiction of the court.   The respondent respectfully submits that such is not the case.   A party filing a special plea or motion does not submit to the jurisdiction of the court and thereby waive his special plea, when his special plea being overruled, he excepts and proceeds to a trial upon the merits.   After verdict, he can again in the higher court, insist upon his plea to the jurisdiction."

We are of the opinion that the defendant's contention in this respect is correct.

In *Harkness* v. *Hyde,* 98 U. S. 476, the writ was served on the defendant outside the bailiwick of the sheriff and without the jurisdiction of the court.   The travel of the case is thus stated by Mr. Justice Field:   (p. 477)   "The defendant thereupon appeared specially by counsel appointed for the purpose, and moved the court to dismiss the action, on the ground that the service thus made upon him on the Indian reservation was outside of the bailiwick of the sheriff, and without the jurisdiction of the court.   Upon stipulation of the parties, the motion was

adjourned to the Supreme Court of the territory, and was there overruled. To the decision an exception was taken. The case was then remanded to the district court, and the defendant filed an answer to the complaint. Upon the trial which followed, the plaintiff obtained a verdict for $3,500. Upon a motion for a new trial, the amount was reduced to $2,500; for which judgment was entered. On appeal to the Supreme Court of the territory, the judgment was affirmed. The defendant thereupon brought the case here, and now seeks a reversal of the judgment, for the alleged error of the court in refusing to dismiss the action for want of jurisdiction over him." And the decision of the court was as follows (p. 479): "The right of the defendant to insist upon the objection to the illegality of the service was not waived by the special appearance of counsel for him to move the dismissal of the action on that ground, or what we consider as intended, that the service be set aside; nor, when that motion was overruled, by their answering for him to the merits of the action. Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when being urged it is overruled, and the defendant is thereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived.

"The judgment of the Supreme Court of the Territory, therefore, must be reversed, and the case remanded with directions to reverse the judgment of the District Court for Oneida County, and to direct that court to set aside the service made upon the defendant; and it is so ordered."

The respondent further demurs, on the ground that the bill seeks to impeach the return of the officer on the writ, and both the complainant and the respondent have argued the cause as though that were the question to be determined and were decisive of the demurrer. Both parties seem to have over-

looked the very apparent and fatally defective nature of the return. Even if the return were not questioned it is evident that it does not comply with the statutory requirements, and that it does not show even upon its face any legal service of the writ.

The statute in force at the time of the alleged service of the writ in question was C. P. A. § 526, as follows: "A writ of summons shall be served by reading the same to the person to be summoned, or by leaving an attested copy thereof with him or at his last and usual place of abode with some person living there; or, if such writ be issued against any company incorporated under the laws of this state, by leaving an attested copy of such writ, if a bank, with the cashier, treasurer, or secretary thereof; if an insurance company, with the president or secretary thereof; and if any other company incorporated under the laws of this state, with the treasurer thereof, or with the agent or superintendent thereof, or with the person executing the duties of treasurer thereof, or at the office of such corporation with some person there employed, or if it have no such officer or office within this state then the same may be served by leaving an attested copy thereof with any stockholder or member of such corporation, or service may be made in such other mode as the charter of such corporation may prescribe: *Provided,* that in actions for recovery of tenements let or held at will or by sufferance, service of a writ of summons may be made by personal service as above prescribed or by posting an attested copy thereof on the main door of the premises. And when a writ of summons shall be issued against a foreign corporation doing business in this state, it shall be served by leaving an attested copy thereof with any clerk or agent in this state of such corporation, or with the attorney of such corporation appointed under the law upon whom service may be made as against such corporation."

It will be seen that service on a "secretary" as such can only be made when the action is brought against a bank or an insurance company. It does not appear that the "secretary" referred to in the return was the treasurer of the corporation,

or "the agent or superintendent thereof" or "the person executing the duties of treasurer thereof," Neither does it appear that the writ was served "by leaving an attested copy of such writ," . . "at the office of such corporation with some person there employed." Indeed, the return shows that the writ was served in the town of East Providence, although without specifying the name of the person alleged to be the "secretary" of the defendant corporation. Gen. Laws, 1909, cap. 32, § 15, is as follows: "Every act of incorporation shall be so far deemed a public act, that the same may be declared on and given in evidence, without specially pleading the same." An examination of the act "To Incorporate American Electrical Works," passed June 2, 1882, discloses no special method of service of process upon this corporation provided by its charter, but does disclose the following requirement: "Sec. 5. Said corporation shall have a counting-room or place of business in the city of Providence." We must assume that the corporation has complied with this statutory requirement in which case it affirmatively appears that the service of the writ was not made at the office of the corporation. Doubtless if these defects had been brought to the attention of the Superior Court the action would have been dismissed for lack of jurisdiction, owing to lack of due and legal service of the writ.

Inasmuch as the complainant has appeared specially in the action at law and only to contest the jurisdiction and inasmuch as it has duly excepted to the denial of its motion to dismiss the writ, all its rights are reserved if the action is sought to be further prosecuted and the decree dismissing the bill must be affirmed, though for a different reason than the reason given by the court below.

Appeal dismissed and decree dismissing bill affirmed.

*C. M. Van Slyck, Frederick A. Jones,* for complainant.
*John H. Slattery,* for respondent.