Certiorari (321 U. S. 761) to review the dismissal of a proceeding brought in the Court of Claims pursuant to a special jurisdictional act (56 Stat. 1122) which the Court of Claims held unconstitutional.
The judgment of the Court of Claims was reversed, November 6,1944.
Mr. Chief Justice Stone
delivered the opinion of the court, stating:
By the Special Act of February 27, 1942, Congress conferred upon the Court of Claims jurisdiction to hear, determine and render judgment upon certain claims of a contractor against the Government, in conformity with directions given in the Act. The court had previously denied recovery on the claims. The Act authorized review here by certiorari. Held:
1. The Act is to be construed not as setting aside the judgment in a case already decided or as changing the rules of decision for the determination of a pending case, but rather as creating a new obligation of the Government to pay the contractor’s claims where no obligation existed before. United States v. Klem, 13 Wall. 128, distinguished.
(a) There is no constitutional obstacle to Congress’ imposing on the Government a new obligation where none existed before, for work performed by the contractor which was beneficial to the Government and for which Congress thought he had not been adequately compensated.
(b) The power of Congress to provide for the payment of debts, conferred by § 8 of Article I of the Constitution, is not restricted to payment of those debts which are legally binding on the Government, but ex *847 tends to the creation, of such obligations in recognition of claims which are merely moral or honorary.
2. By the creation of a legal, in recognition of a moral, obligation to pay the contractor’s claims, Congress did not encroach upon the judicial function which the Court of Claims had previously exercised in adjudicating that the obligation was not legal.
3. Nor did the Act encroach upon the judicial function of the Court of Claims by directing that court to pass upon the contractor’s claims in conformity to the particular rule of liability prescribed by the Act and to give judgment accordingly.
(a) By the Act, Congress in effect consented to judgment in an amount to be ascertained by reference to specified data.
(b) When a plaintiff brings suit to enforce a legal obligation it is not any the less a case or controversy upon which a court possessing the federal judicial power may rightly give judgment, because the plaintiff’s claim is uncontestecl or incontestable.
(c) Whether the Act makes the findings in the earlier suit conclusive, and, if not, whether the evidence would establish the facts on which the Act predicates liability, are judicial questions.
(d) Whether the facts be ascertained by proof or by stipulation, it is still a part of the judicial function to determine whether there is a legally binding obligation and, if so, to give judgment for the amount due even though the amount depends upon mere computation.
4. The Act authorized the claimant to invoke the judicial power of the Court of Claims and he did so.
5. The appellate jurisdiction conferred upon this Court by Art. Ill, § 2, cl. 2 of the Constitution extends to decisions of the Court of Claims rendered in exercise of its judicial functions, and such appellate review is not precluded by the fact that Congress has also imposed upon the Court of Claims non-judicial functions of an administrative or legislative character.
6. The Court of Claims’ determination that the Act. conferred upon it only non-judicial functions and hence that it had no judicial duty to perform was itself an exercise of judicial power reviewable here. Postum Cereal Co. v. California Fig Nut Co., 272 U. S. 693, distinguished.
Mr. Justice Jackson took no part in the consideration or decision of this case.