**Elijah W. RATCLIFF, Relator,**

**v.**

**Hon. Ewing WERLEIN, Respondent.**

**No. 15984.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 12, 1972.

Rehearing Denied Nov. 2, 1972.

Elijah W. Ratcliff, Houston, for relator.

No appearance for respondent.

PEDEN, Justice.

Relator seeks a writ of mandamus ordering a disrtict judge to render a default judgment against a garnishee who is allegedly indebted to the relator's judgment debtor. When the matter was presented in the trial court on May 3, 1972, the respondent made a docket entry that the case was passed because of defective service on the garnishee.

In his verified application for writ of garnishment after judgment, filed on April 14, 1971, Elijah Ratcliff alleged that his assignor was plaintiff in a certain cause that has proceeded to judgment against a named defendant, who does not have prop-

erty in her possession within this state subject to execution sufficient to satisfy such judgment; that Twelve Oaks Hospital and another named garnishee are indebted to such defendant or have effects of the defendant in their hands. Prayer was for a writ of garnishment against the two garnishees.

The transcript reflects that a writ of garnishment was issued by the district clerk of Harris County on May 27, 1971 to Twelve Oaks Hospital, garnishee. The record on appeal shows that an alias writ of garnishment in this case bears a return reciting that it was executed by the sheriff of Travis County, Texas on June 2, 1971 "by delivering *a true copy* of this writ to Twelve Oaks Hospital by delivering to Martin Dies, Jr., Secretary of State of Texas as agent for service." (emphasis added) The hospital has not filed an answer.

In the record from the trial court there is a verified motion for default judgment which contains allegations showing that Twelve Oaks Hospital is a Texas corporation. This motion was sworn to on May 12, 1971 and filed on June 8, 1971 by Elijah Ratcliff, alleging that garnishee "Twelve Oaks Hospital, . . . has failed to maintain a registered agent or corporate officer within the State of Texas as required by law . . . " There is nothing in the record before us to dispute this allegation.

As to domestic corporations, Article 2.11 of the Business Corporation Act, Vernon's Ann.Civ.St. provides in part:

"B. Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any process, notice, or demand shall be made by delivering to and leaving with him . . . *duplicate copies* of such process, notice, or demand. In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at its registered office . . . " (emphasis added)

The established law of this state is that it is imperative and essential that the record affirmatively show a strict compliance with the provided mode of service of process. McKanna v. Edgar, 388 S.W. 2d 927 (Tex.1965). The record shows that a copy was served, not duplicate copies.

We find no other defect in the relator's showing of valid service of process, however. Since the relator may later show compliance with the provided means of service of process we express the view that such allegation, uncontroverted, invoked the provisions for substituted service contained in Art. 2.11, subd. B, and had the relator shown in the record strict compliance with its provisions, he would have been entitled to have his garnishment action heard.

Application for writ of mandamus is denied.