**Myron E. BRYANT, Appellant (Defendant below),**

**Doyle D. Hendrickson and A. H. Hendrickson (Defendants below),**

v.

**WYBRO FEDERAL CREDIT UNION, a corporation, Appellee (Plaintiff below).**

No. 4515.

Supreme Court of Wyoming.

Jan. 21, 1976.

Rehearing Denied Feb. 24, 1976.

Ronald W. Hofer of Leimback, Aspinwall & Hofer, Casper, for appellant.

Fred W. Layman, Casper, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS, and ROSE, JJ.

PER CURIAM.

This is an appeal from an order of the district court denying a motion of defendant Myron E. Bryant to set aside a default judgment earlier entered by the court against him upon the ground that there was no jurisdiction of this defendant be-cause of a failure to serve him. Wybro Federal Credit Union's service rests upon the following return set out in material part:

> "* * * by delivering to Myron E. Bryant by leaving a copy with D. Hendrickson as agent for service and accepting service in Natrona County, Wyoming."

Based upon this service judgment was entered against Bryant. Execution issued thereon which was directed against certain real estate of the said Bryant, and this property was sold at a sheriff's sale and the sale was confirmed.

Although there is a certificate of the sheriff that Hendrickson claimed to be the agent for Bryant and is alleged to have represented himself to the sheriff as such agent, the court heard evidence in connection with the determination of this motion, and there was no evidence produced at that hearing that Hendrickson had ever been authorized as agent for such service or empowered to accept service for this defendant. The court, in disposing of this matter, observed:

> "* * * There is no testimony of agency here, or of authorization. * * *"

From our inspection of the record and the statement of the judge that there was an absence of any agency or authorization, the question presented herein becomes an extremely narrow one.

Accepting this finding, there was no valid service or compliance with Rule 4(d)(1), W.R.C.P., which provides service shall be made by delivery "to an agent authorized by appointment or by law to receive service of process." In light of this rule and the finding, a disposal rests firmly in the law of this state. The case of *Pease Brothers, Inc. v. American Pipe & Supply Co.*, Wyo., 522 P.2d 996, 1001, is most persuasive in this case. The summons therein was served upon an admitted employee of the corporation although not in the county where the suit was brought,

and unlike this case the employee did forward the summons and complaint to the proper officers who had actual notice. The holding of that case was that judgment entered without proper service of summons or appearance was void, and if service were made in a manner not authorized by law the judgment was void and subject to attack, either directly or collaterally. When the court found, and the record so reveals, that Hendrickson was not the authorized agent for such service, it becomes readily apparent that this service was not made in the manner authorized by law.

■■ In other cases this court has said that ordinarily courts gain jurisdiction of a civil suit by the filing of a complaint along with the issuance and service of summons, *Weber v. Johnston Fuel Liners, Inc.*, Wyo., 519 P.2d 972, 977. The case of *Robertson v. State Highway Commission*, Wyo., 450 P.2d 1003, 1004, calls attention to the fact that Rule 4, W.R.C.P., contains "the fundamental requisites of process which are essential in giving a court jurisdiction." Service upon a person not authorized to act as such agent for process is not compliance with the fundamental or basic requirements of this rule. This court does not think it amiss to call attention to the case of *Vanover v. Vanover*, 77 Wyo. 55, 307 P.2d 117, 119, 62 A.L.R.2d 931, which suggests the dangers of fraud if the method of service is enlarged beyond that of the then statute, and this seems particularly applicable in this case when the rule requires service upon an agent "authorized by appointment."

Although there is much extraneous material, and suggestions and argument are made that there was actual notice to Bryant and that he had knowledge of the proceeding, or that he is in some way estopped to deny this service, there is no way in our view that this void judgment may be made to rise from the dead, so discussion of these questions would be useless.

The motion to set aside this judgment should have been sustained. The case is therefore remanded with instructions to set aside this judgment insofar as the appellant Bryant is concerned.