No. 13632

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

MICHAEL PURINGTON,

                  Plaintiff and Respondent,

    -vs-

SOUND WEST, A Corporation,

                  Defendant and Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
Honorable Edward T. Dussault, Judge presiding.

Counsel of Record:

    For Appellant:

        Jordan, Sullivan and Baldassin, Missoula, Montana
        Lee A. Jordan argued, Missoula, Montana

    For Respondent:

        Worden, Thane and Haines, Missoula, Montana
        Ronald A. Bender  argued, Missoula, Montana

---

Submitted: MAY 26 1977

Decided: JUN 29 1977

Filed: JUN 29 1977

_Thomas J. Kearney_
                Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from the district court's denial of defendant's motion to set aside a default judgment entered in Missoula County.

Plaintiff is Michael Purington, a professional musician with the Lost Highway Band, who purchased a sound system for $1,350 from defendant Sound West, a corporation, in the summer of 1975. In the fall of 1975 the sound system ceased to work properly and eventually ceased functioning altogether. According to the complaint, defendant assured plaintiff the malfunction would be repaired, but plaintiff was compelled to obtain a substitute sound system. Plaintiff alleged that on November 3, 1975, defendant represented to him that if he would return the sound system, defendant would refund the purchase price. Plaintiff alleged he returned the sound system, but no refund was made.

On April 20, 1976 plaintiff filed a complaint against defendant in three counts: Count I sought refund of the $1,350 purchase price with interest at 6% from November 3, 1975 to date of judgment; Count II sought damages of $10,000 for breach of implied warranties of merchantability and fitness for a particular use; and, Count III sought $10,000 compensatory damages and $10,000 punitive damages for false represetations by defendant inducing plaintiff to return the sound system to defendant.

The sheriff's return showed personal service was made on Jim Rhines, president of defendant corporation, on April 21, 1976. On May 20 default of defendant was entered by the clerk of court. On June 10 plaintiff testified in support of his complaint, but his testimony was not reported and is not before us.

On June 24 a default judgment was entered by the district court awarding plaintiff $1,350 with interest at 8% from July 1, 1975 to date of judgment; damages of $3,000 for loss of wages, use and reputation; and punitive damages of $1,500. Notice of entry of judgment was mailed to defendant on June 25.

On July 1 defendant filed a written motion to set aside the judgment on the grounds defendant was never served in the action and had no notice of the action at any time. The motion also sought a hearing and a stay of execution pending hearing. On the same day, the district court set a hearing for July 12 and stayed execution on the judgment.

On July 12 a substitution of attorneys for defendant occurred. At the commencement of the hearing on that date, defendant's new attorney moved the district court to add two additional grounds to its motion to set aside the default judgment: (1) Inadvertence and excusable negligence of defendant, and (2) that the default judgment differs substantially from the prayer of the complaint. An affidavit of merits was filed together with a proposed answer to plaintiff's complaint. The substance of these documents was that defendant had not been served in the action and defendant had a meritorious defense to the action, viz. the malfunctioning of the sound system was caused entirely by plaintiff's misuse of the equipment.

Jim Rhines, president of defendant corporation, testified in support of the motion to set aside the default judgment. The gist of his testimony was that he had never been served in the action; that had he been served, he would never have permitted the default; and that he had a meritorious defense to the action. The district court continued the hearing for the purpose of locating the sheriff's deputy who signed the certificate of service.

On September 27 plaintiff filed a motion to dissolve the stay order and permit execution on the judgment. Attached to this motion was the affidavit of the sheriff's deputy, who had been located by plaintiff's attorney in the state of Utah, that she personally served Jim Rhines, the president of defendant corporation, with a copy of the summons and complaint in the action on April 21, 1975, in the offices of defendant at 2701 Brooks Street in Missoula, Montana.

A further hearing was held on September 30. At this hearing Rhines testified again. He again denied he had been served and indicated only two other suits against the corporation had gone by default, one for $300.60 and one for $133. He testified that these defaults were permitted on advice of counsel as the costs of defense would exceed the amounts sued for.

At the conclusion of the hearing, defendant's motion to set aside the judgment was denied. Plaintiff's motion to dissolve the stay of execution was denied.

On October 28, defendant filed its notice of appeal from the order of the district court, Missoula County, denying defendant's motion to set aside the default judgment.

Defendant alleges an abuse of discretion by the district court in four particulars:

1) Refusing to set aside the default judgment on the grounds of defendant's inadvertence or excusable neglect.

2) Awarding interest greater than prayed for in the complaint.

3) In granting any judgment on Counts II and III.

4) In awarding punitive damages in an action upon a contract.

Rule 55(c), M.R.Civ.P., provides in pertinent part:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b) * * *."

Rule 60(b), M.R.Civ.P., provides in relevant part:

"* * * upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, suprise, or excusable neglect * * *."

A motion to set aside a default judgment is addressed to the sound discretion of the trial court and this Court will not interfere except upon a showing of manifest abuse. Keller v. Hanson, 157 Mont. 307, 485 P.2d 705; Johnson v. Matelich, 163 Mont. 329, 517 P.2d 731.

Here the only showing of inadvertence or excusable neglect was the testimony of Jim Rhine that he had never been served in the action. To the contrary was the certificate of service of the deputy sheriff and the absence of any evidence that defendant attempted to locate her, depose her, or secure her testimony in person. It is axiomatic that the burden of proof is on the moving party, here the defendant, to establish inadvertence or excusable neglect. The testimony of Jim Rhines created no more than a conflict in the evidence on the issue of service which was resolved against defendant by the trial judge. Under such circumstances, we find no abuse of discretion by the trial judge in refusing to set aside the default judgment on this ground.

An error in awarding interest on the purchase price of the sound system is clear on the face of the record. The prayer in plaintiff's complaint asks for interest at the rate of 6% per year on $1,350 from November 3, 1975 to date of judgment. The judgment awards interest at the rate of 8% per year on $1,350 from July 1, 1975 to date of judgment. Rule 54(c), M.R.Civ.P., provides:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. * * *"

Accordingly, the interest award is ordered amended in conformity with the prayer in the complaint.

The third claim of error is that Counts II and III fail to allege any damages or cause of action. In our view Count II clearly states a claim for breach of implied warranties and seeks $10,000 damages by reason thereof. We also find Count III states a claim for relief based on false representations by defendant and seeks $10,000 compensatory and $10,000 punitive damages therefor. However, we find that on its face the judgment awarding damages on those counts is beyond the power of the district court to award.

On Count II the district court made a specific finding that "the Plaintiff has been damaged in the amount of Three Thousand and No/100 Dollars ($3,000.00) for loss of wages, use, and reputation" and awarded damages in that amount. Such damages for breach of warranties are defined as incidental and consequential damages in the Uniform Commercial Code. Section 87A-2-715, R.C.M. 1947. Also see sections 87A-2-11 and 87A-2-714, R.C.M. 1947. They are special damages, not general damages. The distinction is---special damages are the natural but not necessary result of the wrong or breach; whereas general damages are damages the law would impute as the natural, necessary and logical consequence of the wrong or breach. 25 C.J.S. Damages §131.

Special damages must be specifically pleaded to be recoverable. Rule 9(g), M.R.Civ.P. Here, these items of special damages were not pleaded, defendant had no notice that special

damages were claimed, and the district court had no power or authority to award special damages in its default judgment. The award of $3,000 damages for these items is ordered stricken from the judgment.

The final claim of error concerns the award of $1,500 punitive damages on Count III. Defendant contends punitive damages are not recoverable in an action arising from contract, citing section 17-208, R.C.M. 1947. We have no quarrel with this general proposition or this statute. However, Count III is based on tort, not contract, being a claim for damages based on false representations of a refund of the purchase price, if plaintiff would return the sound system. See Paulson v. Kustom Enterprises, Inc., 157 Mont. 188, 483 P.2d 708. Again, however, we find that the judgment on its face is beyond the power and authority of the court to the extent it awards plaintiff punitive damages.

Punitive damages cannot be awarded where there are no actual damages. Gilham v. Devereaux, 67 Mont. 75, 214 P. 606. Here the judgment denied plaintiff's claim of actual or compensatory damages on Count III, so an award of punitive damages was beyond the power or authority of the district court. The award of $1,500 punitive damages is ordered stricken from the judgment.

This cause is remanded to the district court for entry of judgment in accordance with this opinion; or at the election of plaintiff, within 15 days of the date hereof for vacation of the entire judgment, the filing and service of an amended complaint and adversary retrial. Each party shall bear its own costs.



Justice

We Concur:

_____
Chief Justice

_____
John Conway Harrison

_____
Gen B Daly

_____
Daniel J. Shea
Justices.