**MIDWAY OIL CORPORATION, a Wyoming corporation, Appellant (Defendant),**

v.

**Roy H. GUESS and R.P. Swirczynski, Appellees (Plaintiffs).**

**No. 85–192.**

Supreme Court of Wyoming.

Feb. 5, 1986.

James R. McCarty, Casper, for appellant.

L. Craig Clayton of Donald R. Winship Associates, P.C., Casper, for appellees.

Before THOMAS, C.J., and ROONEY,* BROWN, CARDINE and URBIGKIT, JJ.

URBIGKIT, Justice.

Default judgment was entered upon failure to answer a complaint for specific performance and money damages. Appeal is taken from an order denying the motion to set aside the judgment made when notice of the suit was first obtained after judgment entry.

We will reverse.

The case, by a ten-page complaint, involved claimed oil-lease contractual rights for overriding royalties and money damages by plaintiff as appellee, as derived from an oral or implied agreement as compensation for finding a buyer for oil interests of defendant-appellant.

Defendant was organized as a Wyoming corporation in 1933 and listed as its agent for service Gertrude Morrison, 104 South Center Street, Casper, Wyoming. Nothing

in the court file reflects whether the address still exists today. By certificate obtained after the default judgment had been entered, it was determined that the corporate charter was revoked on January 17, 1985, and the last annual report for 1982 listed the name and address of the corporation as Box 1144, Casper, Wyoming 82602.[1]

Suit was filed and summons issued April 2, 1985, with the address for the agent of service as given on the summons P.O. Box 1144, Casper, Wyoming 82602. The summons return service stated:

> "AFTER DUE AND DILIGENT SEARCH WE WERE UNABLE TO LOCATE GERTRUDE MORRISON AGENT FOR MIDWAY OIL CORP. IN NATRONA COUNTY, WYOMING 4-4-85 * * * [Mileage $.69]." [2]

No effort to attempt to serve any officer or manager of the corporation or its office is indicated by the return.

An alias summons was issued April 9 and served on the Secretary of State on April 12, with a copy of the complaint thereafter mailed by the Secretary of State to Box 1144, Casper, WY 82601, and returned with the Post Office notation of "Return to sender No forwarding order on file. Unable to forward."

As addressed by plaintiff, correspondence had been sent to defendant on November 1, 1984, reflecting knowledge of counsel for plaintiff that the mailing address for the corporation was Post Office Box 681, Thayne, Wyoming. Thayne is a relatively small, rural-character community, some 200 miles from Casper.

Service having been made on the Secretary of State on April 12, 1985, and without actual notice to defendant, an application for entry of default was filed May 8, 1985, with a default entered on that date. Two days later, an application for entry of a

---

* Retired November 30, 1985.

1. The certificate of incorporation revocation status was not considered in the proceedings since apparently unknown until after the judgment had been entered, and consequently will not be further considered in this opinion.

2. The minimal mileage charge suggests "desk" service, wherein the process server looks at a telephone book and city directory at his desk and then writes down "Unable to find."

default judgment was made, and default judgment was signed and filed on May 10, 1985, without any hearing or evidentiary presentation.

The default judgment found:

(1) service of process was duly and rightfully made;

(2) the claims of plaintiffs are in part based upon the obligations of defendant implied or imposed by law; plaintiffs set in motion the chain of events which resulted in two separate sales of the Midway field; the services rendered by plaintiffs to defendant were beneficial to defendant; and plaintiffs were entitled to the benefits of their agreement; and

(3) the court had jurisdiction of the parties, the subject matter of the action and the relief requested.

By the judgment, specific performance was ordered, requiring the assignment of four per cent of eight-eighths overriding royalty interest in designated acreage, through the base of the Dakota Formation and two per cent of eight-eighths below Dakota; if an assignment was not made, the judgment would otherwise serve to assign and transfer; and plaintiffs additionally have judgment against defendant in the sum of $30,000, "as compensation for Defendant's deficiency in the performance due Plaintiffs * * *."

After entry of the default judgment, attempted mailing by the clerk of court addressed to P.O. Box 1144, Casper, WY 82602 was also returned undelivered.

Defendant moved to set aside the default judgment with an attached affidavit on June 17, 1985.

Plaintiff's response to the motion attached the 1982 annual report for the corporation, which showed a corporate and officer (Gerald Binks) address of Box 1144, Casper, Wyoming 82602, with nothing shown on the form as to the address of the agent for service.

The motion to set aside the default judgment was denied by the court on the basis that the service of process on the Secretary of State was proper; that Rule 4(d)(4), W.R.C.P., did not require the clerk of court to mail copies of the summons and complaint to the defendant corporation in advance of default entry; and that defendant had not shown other grounds to the court sufficient for the default to be set aside.

Appeal issues stated by defendant as appellant were: [3]

" * * * [T]he trial court erred in refusing to set aside the default and default judgment upon the ground that there was not a presentation of a sufficient factual basis for the relief awarded by the judgment.

" * * * [T]he trial court erred in refusing to set aside the default and default judgment since the defendant had no actual notice of the suit and since there was a meritorious defense to the allegation of the complaint which would justify setting aside the default under the provisions of Rule 60(b)(6)."

The issues presented by plaintiffs as appellees were stated similarly, and further raised an additional issue that the defendant corporation failed to maintain the required registered agent.[4]

We will posture the issues presented:

I. Sufficiency of attempted service in Natrona County to justify attempted service on the Secretary of State.

---

3. The case was submitted on briefs, without oral argument.

4. Nothing in the record reflects that the sheriff tried to serve at or anyone ever wrote to the listed address for the agent for service at 104 South Center Street. It is certainly possible that the address no longer exists, but that possibility was never made a matter of record. What is obvious is that plaintiffs made no effort to give notice to defendant at the last-known address at Thayne, Wyoming. In his brief, plaintiff denied the statement that "Plaintiffs knew where to locate the Defendant but chose not to do so." Actually, the statement in defendant's brief was, "* * * knew where to locate the Defendant to provide actual notice." (It was not a matter of record in any fashion, but the 1984 and 1985 telephone books, Silver Star Telephone Company, list Binks, Gerald, Thayne phone number 883–2109.)

II. Sufficiency of service on the Secretary of State when plaintiff had actual mailing address for the corporation and the listed mailing address was insufficient to effectuate delivery of a copy of the summons and complaint to give suit notice.

III. Answer date.

IV. Inadequacy of proof of damages.

V. Abuse of discretion in denying motion to set aside default.

The propriety of this court considering all issues is justified as a question of initial jurisdiction. *Pease Brothers v. American Pipe & Supply Co.*, Wyo., 522 P.2d 996 (1974); *Vanover v. Vanover*, 77 Wyo. 55, 307 P.2d 117 (1957).

## I

### Initial Service

The designated agent for service was Gertrude Morrison, with a stated street address and not a post office box number. Practical realism teaches us that the inclusion of a box number on a summons for the sheriff's process service affords him no assistance (and normally no service for plaintiff). The requirement or desirability of a deliverable address is the reason that present law requires a street address and not a box number for the agent for service of a qualified corporation. Section 17–1–109, W.S.1977. Except from the negative implication from the last known address in Thayne, there is nothing in the file to show that Midway Oil Corporation did not have an office in Natrona County. Certainly it is only known that the sheriff did not find Gertrude Morrison, Post Office Box 1144, Casper, Wyoming. A more adequate negative return is strongly indicated if used for later reliance on substituted service. *Bryant v. Wybro Federal Credit Union*, Wyo., 544 P.2d 1010 (1976); *Pease Brothers v. American Pipe & Supply Co.*, supra; 47 Am.Jur.2d Judgments § 1174, p. 197.

· Since the last known address of defendant as available to plaintiffs was geographically far removed, the inclusion of a box number for service by the sheriff in Natrona County was at best misleading. Obviously, the service-of-process issue in this fashion would only occur in a case of a corporation or a like entity where the attempted local services were first utilized as the predicate for service on the Secretary of State or other substitute service. Otherwise, the service would be insufficient and a better address from counsel to sheriff would be required before jurisdiction was claimed or obtained. Rules 4(f), 4(d)(4), and 4(d)(6), W.R.C.P. See *Bryant v. Wybro Federal Credit Union*, supra.

We hold that under Rule 4(d)(4), W.R.C.P., the attempted local service was not adequate or adequately proved, where at a minimum the last known address or the in-county street address was not listed for the information of the sheriff. Attempted service at a post office box number would hardly be actual service. *National Supply Co. v. Chittim*, Wyo., 387 P.2d 1010 (1964); 62 Am.Jur.2d Process § 111, p. 896.

Since the service of process is the basis upon which jurisdiction is obtained, this court and current law have frequently enunciated the rule that strict compliance with the statute is required. *In re Estate of Lonquest*, Wyo., 526 P.2d 994 (1974); *Pease Brothers v. American Pipe & Supply Co.*, supra; *Joseph Russell Realty Co. v. Kenneally*, 185 Mont. 496, 605 P.2d 1107 (1980); *Ratcliff v. Werlein*, Tex.Civ.App., 485 S.W.2d 932 (1972); 62 Am.Jur.2d Process § 3, p. 785.

## II

### Service on the Secretary of State

Plaintiffs received notice from the Secretary of State that the attempted mailing to the Casper box number had been unsuccessful and the notice consequently returned. Counsel did not request a further mailing or advise the Secretary of State of the more current address of Thayne, Wyoming, by requesting re-mailing either to the street address in Casper as the address of

the agent for service, or to the most current address known in Thayne.

██ Although we are reluctant in this case to postulate a rule in regard to the notice mailing from the Secretary of State to the most current known address, which is not specifically required by statute (which might be both wiser and safer), as otherwise required of counsel in certain substitute-service processes under Rule 4, W.R.C.P., we do find in this case that the mailing to an address not listed for the agent for service and which also is not the last known address for the corporation is not adequate, *Bryant v. Wybro Federal Credit Union*, supra, and that the duty to show compliance rests with litigants. *Crotteau v. Irvine*, Wyo., 656 P.2d 1166 (1983); *Southwestern Remodelers of Houston, Inc. v. Lumaside, Inc.*, Tex.Civ. App., 501 S.W.2d 759 (1973).

██ Obviously, the notice document of a copy of the summons and complaint as required to be mailed by the Secretary of State was sent neither to the listed street address for the agent for service (registered office) nor to the last known address for the corporation known to counsel for plaintiffs.[5] Nondelivery notice was promptly furnished by the Secretary of State to the plaintiffs. Consequently, the attempted substitute service by service on the Secretary of State was insufficient to confer jurisdiction. The matter of proper mailing of the suit documents by the Secretary of State is an indispensable adjunct of constitutional and statutory compliance to effectuate executed service of process if a default judgment consequently results. *Pease Brothers v. American Pipe & Supply Co.*, supra; *Piggly-Wiggly Georgia Co. v. May Investing Corp.*, 189 Ga. 477, 6 S.E.2d 579, 126 A.L.R. 1465 (1939); *Southwestern Remodelers of Houston, Inc. v. Lumaside, Inc.*, supra; *Whitney v. L & L Realty Corporation*, Tex., 500 S.W.2d 94 (1973).

5. Section 17–1–110(a)(vi), W.S.1977, 1985 Cum. Supp.:

III

*Answer Date*

██ Excluding due process and constitutional requirements, the applicable law for substituted service on a corporation is § 17–1–111(b), W.S.1977:

"* * * In the event any such process, notice or demand is served on the secretary of state, he shall immediately cause one (1) of the copies thereof to be forwarded by registered mail addressed to the corporation at its registered office. *Any service so had on the secretary of state shall be returnable in not less than thirty (30) days.*" (Emphasis added.)

The relevant question under this section as substitute service is, what is the answer date? The derivation of the section is Ch. 85, § 11, S.L. of Wyoming 1961. The provision was taken verbatim from the Model Business Corporation Act, § 14. See Model Bus.Corp.Act Ann.2d § 14 (American Bar Foundation). Wyoming's Rule 4(d)(6), W.R.C.P., provides:

"Upon the secretary of state, as agent for a party, when and in the manner authorized by statute."

Consequently, § 17–1–111(b) is the applicable statute by rule reference.

Wyoming law includes the identical terminology in the limited liability company statutes, § 17–15–114, W.S.1977, as apparently copied from the Wyoming Business Corporation Act, with two comparable statutes providing for agency service on nonresident motorists, § 1–6–301, W.S.1977, 1985 Cum.Supp., and insurance companies, § 26–3–122, W.S.1977.

No specific dating is provided, but the statute for service on a nonresident motorist in order to provide the required due process provides in subsection (b):

"The court in which the action is pending shall order such continuance as necessary to afford the defendant or his per-

"That the address of its registered office and the address of the business office of its registered agent, as changed, will be identical."

sonal representative *reasonable opportunity to defend the action.*" (Emphasis added.) § 1–6–301, W.S.1977, 1985 Cum.Supp.

Additionally, the requirement for the mailing of the notice of service is invested in plaintiff.[6] Similar actual notice protection is afforded for insurance company service in § 26–3–122, W.S.1977, by duplicate mailings, by affidavit, and return-receipt proof.

There are at least 27 jurisdictions with comparable corporate service provisions as taken from the Model Business Corporation Act, § 14, see Model Bus.Corp.Act Ann.2d ¶¶ 301–302, p. 345, and 1973 and 1977 Supps.

South Carolina had occasion in a less egregious factual situation [7] to consider the identical provision as found in Wyoming in the case of *Newberry County Water and Sewer Authority v. Welco Construction and Utilities Co., Inc.*, 275 S.C. 1, 266 S.E.2d 875, 876 (1980).

The thoughtful discussion of that case is adopted:

"Appellant first argues the phrase 'returnable in not less than thirty days' * * refers to return of proof of service rather than to the corporate defendant's return of responsive pleadings to the complaint. We disagree.

"The interpretation urged by appellant finds no support from either this state's legislative history and comment or from other jurisdictions which have enacted comparable replicas of Section 14 of the Model Business Corporation Act as did South Carolina. As well, appellant's interpretation would lead to the absurd result of requiring the process server to wait thirty days before filing his proof of service while the defendant must answer within twenty days or face default.

"The obvious reason for this legislatively carved exception to the general statutory requirement that responsive pleadings be served within twenty days * * * is to allow more time for response to a summons and complaint served upon the Secretary of State because the corporation's registered agent cannot be found at the location established for personal service.

"We hold [that the section] prohibits a plaintiff from requiring responsive pleadings to a summons and complaint in less than thirty days from the date of substituted service upon the Secretary of State." 266 S.E.2d at 876.

Comparably with the Newberry decision, this court consequently recognizes the same time as provided by Rule 12, W.R. C.P., for out-of-state service, namely 30 days, as the answer time where service is made on the Secretary of State, under the purview of § 17–1–111(b), W.S.1977. We do not find it necessary at this time to determine whether the mistaken inclusion of a stated 20-day answer time on the summons will further invalidate the summons as jurisdictionally defective. Obviously, careful attorneys should modify the printed-form summons to accommodate the proper answer time. Likewise, perhaps little reason for objection would exist if an opportunity to plead within 30 days did exist. Cf. *Newberry County Water and Sewer Authority v. Welco Construction and Utilities Co., Inc.*, supra.

In this case, the printed-form alias summons as served on the Secretary of State provided:

"YOU ARE HEREBY SUMMONED and required to file with the Clerk and serve upon the Plaintiff's attorney an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. (If service upon you is made outside of the State of

---

6. "* * * The plaintiff shall file with the clerk of the court in which the action is brought an affidavit that he has complied with such requirement." Section 1–6–301(a), W.S.1977, 1985 Cum.Supp.

7. A factual differentiation exists in the South Carolina case, in that the plaintiff mailed a courtesy copy of the pleadings to counsel for the defendant, which occasioned a special appearance to attack the validity of the service. No default judgment entry at a time prior to the expiration of 30 days was involved.

Wyoming, you are required to file and serve your answer to the Complaint within 30 days after service of this Summons upon you, exclusive of the day of service). If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint."

The return of service as filed May 8 stated that delivery was made on April 12, 1985, on the Secretary of State. Twenty-six days thereafter, an application for entry of default and default was filed, and the application for entry and entry of the default judgment was accomplished and filed on May 10, or 28 days after the service on the Secretary of State. It is undisputed that at the time of judgment entry defendant had no notice of the existence of the litigation.

Since the answer date had not expired at the date that the default was entered or the date when the judgment was rendered, the judgment as entered is void or at least voidable.[8] No denial discretion remained when the motion to vacate the default judgment was seasonably made. *Vanover v. Vanover,* supra. See also *Emery v. Emery,* Wyo., 404 P.2d 745 (1965), and *National Supply Co. v. Chittim,* supra.

## IV

### *Adequacy of Proof of Damages*

This question was specifically briefed by counsel and deserves consideration, although the same issue would be unlikely to reoccur at retrial. We address the issue of what evidence is required for entry of a judgment in a default damages award.

■ Wyoming law is in accord with general law as well established that a hearing is required or evidence necessitated for determination of damages that are not liquidated in some fashion sufficient for mathe-

matical computation. *Adel v. Parkhurst,* Wyo., 681 P.2d 886 (1984); *Weber v. Johnston Fuel Liners, Inc.,* Wyo., 519 P.2d 972 (1974); *Colorado Kenworth, Inc. v. Archie Meek Transportation Co.,* Wyo., 495 P.2d 1183 (1972); *Morgan v. Compugraphic Corporation,* Tex., 675 S.W.2d 729 (1984); 47 Am.Jur.2d Judgments § 1186, p. 205.

The defensive posture manifested by plaintiffs in support of the default judgment is that the taking of evidence in regard to the ascertainment of damages is discretionary with the court. To the contrary, we hold that if the damages are unliquidated in amount, discretion to determine without evidence does not exist. *Compton v. Alton Steamship Co., Inc.,* 608 F.2d 96 (4th Cir.1979); *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319 (7th Cir. 1983); *Stewart v. Hicks,* 182 Ind.App. 308, 395 N.E.2d 308 (1979). See *Wood v. Detroit Auto. Inter-Insurance Insurance Exchange,* 413 Mich. 573, 321 N.W.2d 653 (1982).

It is apparent from the scope of present case law that the optimistic anticipation of the drafters of the federal rules to create a system which was specific, direct, fair and rational, has not necessarily been accomplished. Society continues to litigate the rules of the game rather than the substance of the contested issues involved in justice determination. See Rule 1, F.R. C.P., "They shall be construed to secure the just, speedy, and inexpensive determination of every action."

Rule 55(b)(1), W.R.C.P., provides that for entry by the clerk the amount must be "for a sum certain, or for a sum which can by computation be made certain," as supported by affidavit as to the amount due.

The specific phraseology, then, for consideration by this court is:

---

8. The cases are not consistent when judgments are entered before answer date as to whether the judgment is void or voidable. The time-lapse factors in this case are sufficiently short from entry to motion to set aside so that we do not feel inclined to make the differentiating decision with no difference in result. See also *English v. Smith,* 71 Wyo. 1, 253 P.2d 857, reh. denied 71 Wyo. 28, 257 P.2d 365 (1953). Cf. *Pickering v. Palmer,* 18 N.M. 473, 138 P. 198 (1914), overruled by *Field v. Otero,* 35 N.M. 68, 290 P. 1015 (1930), with *Flinn v. Blakeman,* 254 Ky. 416, 71 S.W.2d 961 (1934), overruled on a different matter by *Warfield Natural Gas Co. v. Ward,* 286 Ky. 73, 149 S.W.2d 705 (1941). 3 Freeman on Judgments, § 1289, p. 2678.

"* * * If, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make any investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper * * *." Rule 55(b)(2), W.R.C.P.

Otherwise stated, and as contended by plaintiffs, does the language of the rule obviate the general law of Wyoming that damages must be demonstrated and proved? *State ex rel. Scholl v. Anselmi,* Wyo., 640 P.2d 746, cert. denied 459 U.S. 805, 103 S.Ct. 28, 74 L.Ed.2d 43 (1982); *Panhandle Eastern Pipe Line Co. v. Smith,* Wyo., 637 P.2d 1020 (1981); *Weber v. Johnston Fuel Liners, Inc.,* supra.

We do not accept the contention, and find that the issue was determined in *Adel:*

"The burden, however, is upon those seeking more than mere nominal damages to prove their damages." 681 P.2d at 892.

See *Albin Elevator Co. v. Pavlica,* Wyo., 649 P.2d 187 (1982); *Downing v. Stiles,* Wyo., 635 P.2d 808 (1981); *Western National Bank of Lovell v. Moncur,* Wyo., 624 P.2d 765 (1981).

"* * * The requirement of Rule 55(b)(2), W.R.C.P., of a hearing with respect to damages which are not liquidated is consistent with the rule of those cases. The default permitted by a defendant does not concede the amount demanded for unliquidated damages." *Adel v. Parkhurst,* 681 P.2d at 892.

Further citations there noted additionally support the principle. See *Pope v. United States,* 323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3, 102 Ct.Cl. 846 (1944); *State ex rel. Yohe v. District Court of Eighth Judicial District,* 33 Wyo. 281, 238 P. 545 (1925); *Purington v. Sound West,* 173 Mont. 106, 566 P.2d 795 (1977).

Consequently, the question is not whether unliquidated damages have to be proved, but whether the damages awarded in this case were liquidated.

The question is damage and not liability, and consequently the citation Annot., 8 A.L.R.3d 1070, and like authorities, as involving proof of liability are not helpful.

Examination of the complaint and judgment does not lead to the ascertainment of sum certain or a sum which can by computation be made certain. *Stewart v. Hicks,* supra.

If the claim was liquidated, a ten-page complaint would hardly seem necessary. Not only is the dollar amount included in the judgment not ascertainable from the allegations of the complaint, but also the question is necessarily posed in regard to the provision of the judgment "[t]hat the claims of Plaintiffs are in part based upon the obligations of Defendant implied or imposed by operation of law" whether the subject matter is one which could providently permit the entry of a default judgment without at least a support of affidavit or trial testimony.

The complexity of the transaction, including first a proposed sale with forfeiture including a fee paid to plaintiffs of $10,000, a second sale of the same asset, with a fee paid to plaintiffs of $10,000, and now resulting in a specific-performance order and a damage award, does not afford specificity. It is not possible to tell whether the $30,000 which was "as compensation for Defendant's deficiency in the performance due Plaintiffs" is by virtue of the character of the mineral interest available, or assessed for another reason.[9]

---

9. Accepting generally the claim of plaintiffs included in the complaint as true, it is indicated that they were the motivating agent to secure a first sale for which they received a $10,000 commission and no overriding royalty, the buyer defaulted, and returned the lease. Thereafter, they secured a second buyer, for which they also received a $10,000 commission, and make claim for a two per cent royalty from the first transaction and a two per cent royalty from the second transaction.

The second transaction left defendant as assignor a six per cent override to the base of Dakota to be replaced by a $500,000 production payout at 12.5 per cent of net production revenues after payout. As to production from for-

■ The required liquidated-damage status did not exist for entry of the default judgment without supporting evidence by either affidavit or hearing testimony in order that the notice pleadings of the complaint are supported by sworn testimony in some fashion authenticated by penalty of perjury for damage determination and computation. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2688, p. 450; 25A C.J.S. Damages § 163, p. 124.

## V

### Exercise of Discretion

The most recent pronouncement of this court in regard to setting aside a default judgment is *Hochhalter v. Great Western Enterprises*, Wyo., 708 P.2d 666 (1985), which was unanimously determined and a request for rehearing denied.[10] Application to this case may be in question as compared with the general rule which has been variously stated that defaults are disfavored. See *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, judgment modified by 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949); *Compton v. Alton Steamship Co.*, supra; *Gifford v. Casper Neon Sign Co., Inc.*, Wyo., 639 P.2d 1385 (1982); *Westring v. Cheyenne National Bank*, Wyo., 393 P.2d 119 (1964); *Lake v. Lake*, 63 Wyo. 375, 182 P.2d 824 (1947); *Giles v. Giles*, Ala., 404 So.2d 649 (1981).

We will not pursue the question of exercise of discretion as involved in this case with a motion to set aside a default judgment, in view of the disposition otherwise provided that jurisdiction to enter the judgment did not exist. *Colorado National Bank v. Miles*, Wyo., 711 P.2d 390 (1985).

■ To avoid any further retrial complexities, we would hold that defendant entered an appearance *in this case* by virtue of filing the motion to vacate the default judgment. *Pease Brothers v. American Pipe & Supply Co.*, supra.

The order denying the motion is reversed, and the case remanded to set aside the default judgment, for responsive pleadings and disposition on the merits.

Reversed.

THOMAS, Chief Justice, specially concurring.

I agree that this case must be reversed. Unfortunately, it does not appear that the appellant perceived the true reason that it was entitled to a reversal. While generally I am reluctant to treat with different issues from those which the parties present to the court, in this instance the problem is one of jurisdiction, and the court is entitled to raise that question of its own motion.

This case must be reversed because the trial court did not acquire jurisdiction over the person of the defendant corporation. The majority opinion notes, and the record is clear, that the registered agent of Midway Oil Corporation was Gertrude Morrison and the registered office was 104 South Second Street, Casper, Wyoming. The only matter in the record to suggest that Gertrude Morrison could not be served is the return on the summons which stated: "After due and diligent search we were unable to locate Gertrude Morrison, agent for Midway Oil Corp. in Natrona County, Wyoming 4–4–85. (Mileage $.69)" While it is understandable that the trial court does not have an obligation to check the identity or address of a registered agent for a corporation, yet when the record demonstrates that the address of the registered

---

mation below Dakota, a two per cent overriding royalty was retained.

Consequently, defendant had only a two per cent royalty below Dakota for specific performance, and the four per cent above Dakota was subject to the payout. Attribution of the $30,-000 to any claimed deficiency and capacity to secure by specific performance is impossible of either computation or rationalization without

additional facts. Credit or noncredit against the claimed deficiency of the $20,000 commission paid was also not determinable as a matter of computation.

**10.** Citation of *Hochhalter v. Great Western Enterprises,* supra, does not indicate this author's concurrence with the result therein achieved.

office was not given to the sheriff and the diligence of the sheriff's search is dubious, a conclusion that the court did not acquire jurisdiction may be required because of a distinct difference in the facts from those found in *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, Wyo., 664 P.2d 121 (1983).

What followed in this instance was service upon the secretary of state pursuant to § 17-1-111(b), W.S. 1977 which provides in part:

"Whenever a corporation shall fail to appoint or maintain a registered agent in this state, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the secretary of state shall be an agent of such corporation upon whom any such process, notice or demand may be served. * * *"

This statute, properly construed, demands that before service of process can be made upon the secretary of state, one of two conditions precedent must be satisfied. Either the corporation must have failed to appoint or maintain a registered agent in this state, which is not suggested by the record in this instance, or the registered agent of the corporation after the exercise of reasonable diligence must not be found at the registered office. On the record in this case there is nothing to indicate reasonable diligence because the address of the registered office never was furnished to the sheriff. Consequently, I would hold that, in the absence of the satisfaction of one of the two conditions precedent, the appellees never were entitled to use the secretary of state as an agent upon whom process directed to Midway Oil Corporation could be served.

In the absence of some service on a proper agent, the court did not acquire jurisdiction over the appellant. The absence of proper service results in a void judgment unless the defendant submitted to the jurisdiction of the court. *Bryant v. Wybro Federal Credit Union*, Wyo., 544 P.2d 1010 (1976). If the judgment is void, the trial court does not have discretion to refuse relief when it is sought in accord-

ance with Rule 60(b) W.R.C.P. *2-H Ranch Co., Inc. v. Simmons*, Wyo., 658 P.2d 68 (1983). To the same effect is *R.L. Manning Co. v. Millsap*, Wyo., 687 P.2d 252 (1984). In this case the default judgment should have been set aside and the case should have been dismissed because the court did not have jurisdiction over the person of the defendant.

Were I to concede that the questionable return of the sheriff showing that the registered agent could not be found in Natrona County was sufficient to justify service upon the secretary of state, I still would agree to reverse because of an abuse of the discretion of the trial court. Section 17-1-111(b) goes on to say:

"In the event any such process, notice or demand is served on the secretary of state, he shall immediately cause one (1) of the copies thereof to be forwarded by registered mail addressed to the corporation at its registered office. * * *"

This was not done, but instead the copy was mailed to the last address shown upon an annual report. The registered office is not changed by the filing of an annual report. Section 17-1-110, W.S.1977 explains how that is to be accomplished. While the court may have acquired jurisdiction because of service upon the secretary of state, the failure to comply with the statute would distinctly limit the extent of the court's discretion in refusing to grant relief under Rule 60(b), W.R.C.P. I would hold if that were the issue that there was an abuse of discretion in refusing to set aside the default judgment when it became apparent that the office of the secretary of state had not complied with the statute.

Beyond that it seems to me there is no need to address nor justification for addressing the issues relating to damages and to the return date in this case. The parties must start over and bring the action anew. I do not see that the question of the proper way to address damages in a default proceeding would be likely to arise. Presumably, a proper answer would be filed on time if service were made on the defendant.

ROONEY, Justice, concurring.

I concur in the majority opinion on the basis of that said in Part III thereof.