## HOGAN v. STALEY ET AL.

[No. 20,437. Filed April 19, 1967. No Petition for Rehearing filed.]

*Thomas L. Davis*, of Indianapolis, for appellant.

*Joseph L. Kivett* and *Kivett* and *Kivett*, both of Indianapolis, for appellees.

PFAFF, P. J.—This appeal arises as a result of a verdict denying relief in an action by appellant to set aside a default judgment.

The facts material to a determination of the issues raised in this appeal may be summarized as follows:

On June 28, 1956, appellees filed suit against appellant, Robert J. Hogan, for damages for breach of contract. The appellant appeared by counsel on September 4, 1956. On May 9, 1957, the appellant's counsel withdrew his appearance and purportedly sent notice of said withdrawal to the appellant. There was a conflict of evidence as to whether the appellant received the notice of his counsel's withdrawal of appearance. The trial court after reviewing the facts held that appellant had received the Notice of Withdrawal.

On December 13, 1963, a default judgment for $4,468.00 was entered against appellant Hogan and notice of said intention was not sent to appellant.

On September 15, 1965, appellant filed his complaint to set aside the default judgment alleging that it was obtained by mistake, inadvertence or excusable neglect, or in the alternative that the judgment was void for failure of appellees to notify appellant of their intent to move for a default judgment. Acts 1933, ch. 10, § 2-1068, p. 272, Burns' Replacement (Cum. Supp.); Acts 1933, ch. 26, § 2-2605, p. 526, Burns' 1966 (Spec. Supp.).

Trial was had in Marion County Superior Court No. 5 and judgment entered for appellees. Appellant's motion for a new trial and/or to amend the findings and judgment was overruled.

The appellant in his assignment of error alleges that:

The trial court erred in overruling his motion for a new trial or in the alternative in overruling his motion to amend the findings and judgment.

More specifically, appellant alleges that the trial court's finding was not sustained by sufficient evidence and was contrary to law. He further contends that appellees' failure to send a Notice of Motion to Default was contrary to law since it violated due process of law.

It is well settled that the decision of the trial court will not be disturbed on appeal where there is evidence to sustain it. *Milbourn* v. *Baugher* (1909), 43 Ind. App. 35, 42, 86 N. E. 874; *Wells et al.* v. *Bradley, Holton & Co. et al.* (1891), 3 Ind. App. 278, 280. Thus it must be assumed that the trial court was correct in finding that the Notice of Withdrawal was received by appellant Hogan inasmuch as its decision was supported by sufficient evidence.

Appellees argue that the decision of the trial court was not contrary to law in that under Rule 7 of Official Rules of Practice and Procedure of the Circuit and Superior Courts of Marion County, their counsel was not required by law to notify the appellant of a Notice of Motion to Default. Rule 7 reads as follows:

"* * * Said motion shall represent and show that notice thereof has been served upon opposing counsel by either personal service which shall bear acknowledgment thereof or by mailing the notice to such opposing counsel by first class U. S. Mail.

"In any case where the parties to be defaulted are not represented by counsel but have appeared personally, motion of intention to default shall be sent by regular mail to the last known address of said party or parties."

The real issue is in determining the status of a case after the defendant's counsel has withdrawn his appearance and the defendant failed to enter an appearance either personally or by another attorney, after the return date on the said summons, but before the default judgment was taken.

Appellant employed another counsel to represent him in a bankruptcy proceeding which generally involved the subject matter of this litigation.

Rule 7 makes provision for the sending of a Notice of Motion to Default to the appellant when he appeared personally or to his attorney when he appeared by counsel. The record in this case is devoid of any showing that the appellant ever ap-

peared personally for himself, after his counsel had withdrawn from the said case.

It is well settled that after the withdrawal of the general appearance, the case stands as if there had been no appearance. *Baker* v. *Wambaugh* (1884), 99 Ind. 312; *Dunkle et al.* v. *Elston et al.* (1880), 71 Ind. 588; *Gunel et ux.* v. *Cue, Administrator* (1880), 72 Ind. 34; *Lodge* v. *State Bank* (1843), 6 Blackford 557.

The application of this rule of law to the case at bar would mean that after appellant's attorney had filed his withdrawal of appearance, the case stands as if there had been no appearance.

The appellee herein was not required by law under Rule 7 of the Official Rules of Practice and Procedure of the Circuit and Superior Courts of Marion County to send a Notice of Motion to Default to the appellant. The appellees, could any time after the return date on said summons, take a default judgment against the appellant without sending a Notice of Motion to Default because appellant had failed to enter an appearance, after his counsel withdrew his appearance.

For reasons stated herein, the judgment of the trial court is affirmed.

Judgment affirmed.

Bierly, Cook and Smith, JJ., concur.

NOTE.—Reported in 225 N. E. 2d 582.