Lamont STEWART, Appellant (Plaintiff Below),

v.

Robert L. HICKS, Appellee (Defendant Below).

No. 2–877–A–308.

Court of Appeals of Indiana, Fourth District.

Oct. 2, 1979.

 

Ruth E. Myer, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellant.

Brenda J. Bowles, Bowles, Coleman & Watkins, Indianapolis, for appellee.

MILLER, Presiding Judge.

Plaintiff-Appellant Lamont Stewart (Stewart) appeals the granting of the Defendant-Appellee Robert L. Hicks' (Hicks) motion to set aside a default judgment.

We affirm in part and reverse in part.

The following facts are disclosed by the record. Stewart initiated this action on July 20, 1976, by filing a Complaint to Determine Ownership of Liquor License and for a Restraining Order. The action was based on a contract entered into by Stewart and Hicks on April 12, 1976, whereby Hicks was to transfer a liquor license, which was issued in his name, to Stewart, for $12,-000.00 if paid within twelve months or $13,-000.00 if paid within two years.

Before this action was initiated, Stewart discovered the ownership of the license was in dispute. Hicks was being sued by one John E. Jenkins, M.D. (Jenkins), who alleged the license was the property of Tropicana Lounge, Inc. Stewart's motion to intervene and stay the Jenkins' action was denied by the trial court which then entered an order finding that the Tropicana Lounge, Inc., was the proper permittee of the license issued to Robert L. Hicks. The order also permanently restrained Hicks from disposing of the license in any manner and ordered him to transfer the license to Tropicana Lounge, Inc.

Stewart then filed this action, which is in the nature of a declaratory judgment as to ownership, against Robert L. Hicks, Jerry T. Hicks, the Defendant's father, Jenkins, Tropicana Lounge, Inc., and the Indiana Alcoholic Beverage Commission. Jenkins and Tropicana Lounge were later dismissed as parties. The Indiana Alcoholic Beverage Commission apparently never appeared and the record does not reflect that they were ever dismissed as a party. Stewart, in his

complaint, also prayed for damages of $50,-000.00. Hicks appeared by counsel, who later withdrew. On September 1, 1976, Richard Dick entered his appearance as defense counsel for Robert and Jerry Hicks and filed a motion for extension of time to respond. The extension was granted up to and including September 23, 1976. Thereafter, on September 22, 1976, Dick filed a motion to withdraw his appearance stating his clients had agreed it would be in their best interest for counsel to withdraw. The motion was granted on the same day. No responsive pleading had been filed by Dick. On September 24, 1976, attorneys E. Scott Burke and Fred Robinson appeared on behalf of both Robert and Jerry L. Hicks. A motion to withdraw was filed by Burke and Robinson on November 1, 1976, stating "said defendants have agreed that said attorneys should withdraw their legal representation so they can obtain other legal counsel to represent them in the matter." A copy of this motion was mailed to Robert L. Hicks by Burke and Robinson. The motion was granted on November 3, 1976. Again, no answer or other responsive pleading had been filed on Hicks' behalf.

. Thereafter no other attorney appeared for Hicks, nor did he enter his appearance *pro se.* Stewart's attorneys apparently prepared a default judgment entry and later presented it to the trial court for approval. The record reflects a court entry on December 8, 1976, as follows: "Notice of Proposed Entry of Default was sent to Robert Hicks and Jerry Hicks." However, it does not appear who sent the notice, nor is a copy of the proposed entry of default included in the record.[1] On January 3, 1977, (Hicks having still failed to appear *pro se* or by counsel) the trial court entered a default judgment against Hicks awarding $50,-000.00 damages as prayed for in the original complaint and ordered Hicks to return the title to a certain 1975 Cadillac to Stewart (the title had been given to Hicks by Stewart as collateral for the April 12, 1975, contract). A Motion for Proceedings Supplemental was filed on January 21, 1977,

and Hicks was ordered to appear on February 7, 1977. Samuel Oates appeared as defense counsel on February 8, 1977, and filed a motion for continuance asking for additional time in which to become familiar with the case. This motion was granted the next day. On March 8, 1977, an order to appear on March 28th was sent to Hicks. However, on March 16, 1977, Oates filed his motion to withdraw as counsel stating Hicks was financially unable to compensate him and he had assisted Hicks in seeking legal services with the Legal Services Organization. This motion was granted two days later. On March 25, 1977, two attorneys associated with Legal Services Organization, Dennis W. Lopes and Roderick E. Bohannon, filed a motion to set aside the default judgment against Hicks with supporting memorandum pursuant to Ind.Rules of Procedure, Trial Rule 60(B), alleging (1) Hicks had not received notice of the default hearing and therefore the judgment should be set aside because of excusable neglect [T.R. 60(B)(1)] and (2) no evidence had been presented to support Stewart's complaint to which he had a meritorious defense and consequently the judgment should be set aside under T.R. 60(B)(8) for "any other reason justifying relief from the operation of the judgment." At the hearing on the motion to set aside, Hicks' sole testimony in support of his assertion of excusable neglect was that he never received notice of the default hearing. No evidence was presented explaining why he had failed to retain counsel for over 60 days after his attorneys withdrew when it was apparent he knew the cause was pending against him. The trial court's entry reads as follows:

The Court having set this cause down for a hearing on defendant, Robert Hicks' motion to set aside default judgment and for stay of proceedings on April 11, 1977, and defendant Robert Hicks, having appeared in person and by counsel, and plaintiff, Lamont Stewart, having appeared by counsel, and the Court having heard oral argument on defendant's mo-

---

1. Thus, we have no idea whether this "Notice" was to appear at a default hearing or whether

it might have been merely a copy of the proposed entry sent for informational purposes.

tion to set aside default judgment and for stay of proceedings, now orders that the default judgment obtained against defendant Robert Hicks in this cause on January 3, 1977, now be set aside, but only as to defendant Robert L. Hicks; further, that all default judgments obtained against co-defendants, be, and are hereafter to remain in effect.

Stewart's motion to correct errors was overruled and the present appeal was perfected.

Stewart raises these issues on appeal:

1. Did the trial court err in setting aside the default judgment based on excusable neglect and existence of a meritorious defense?

2. Did the trial court err in setting aside the default judgment based upon defendant's argument that no evidence was presented to support the plaintiff's complaint?

### Issue I

■ A Trial Rule 60(B)(1) motion to set aside a default judgment is addressed to the trial court's equitable discretion with the burden upon the movant (Hicks) to affirmatively demonstrate necessary and just relief. *Cazarus v. Blevins* (1974), 159 Ind. App. 512, 308 N.E.2d 412, 414. The movant must show a sufficient excuse for suffering a default judgment through mistake, surprise or excusable neglect. *Kreczmer v. Allied Construction Company* (1972), 152 Ind.App. 665, 284 N.E.2d 869, 870. There is no general rule as to what constitutes excusable neglect. Each case must be determined on its particular facts. *Grecco v. Campbell* (1979), Ind.App., 386 N.E.2d 960, 961; 4 W. Harvey & R. Townsend Indiana Practice § 60.10, at 209 (1971) [hereinafter *Harvey*]; 17 *I.L.E. Judgments* § 187 (1959).

'The following facts have been held to constitute excusable neglect, mistake, and inadvertence: (a) absence of a party's attorney through no fault of party; (b) an agreement made with opposite party, or his attorney; (c) conduct of other persons causing party to be misled or deceived; (d) unavoidable delay in traveling; (e) faulty process, whereby party fails to receive actual notice; (f) fraud, whereby party is prevented from appearing and making a defense; (g) ignorance of defendant; (h) insanity or infancy; (i) married women deceived or misled by conduct of husbands; (j) sickness of party, or illness of member of family.'

*Continental Assurance Company v. Sickels* (1969), 145 Ind.App. 671, 252 N.E.2d 439, quoting 2 *Wiltrout Indiana Civil Procedure* § 1230, p. 243. Also cited in *Harvey, supra.* Only where the trial court has abused its discretion will its decision in granting or denying a motion to set aside a default judgment be reversed. *Cazarus, supra; Kreczmer, supra.*

■ At the hearing on the motion to set aside the default judgment Hicks contended, because he did not receive actual notice of the hearing on Stewart's motion of default judgment, his failure to appear at the default hearing was a result of faulty process which constitutes excusable neglect. Stewart argued that no notice was due Hicks under Trial Rule 55(B) because he had no appearance on file, either *pro se* or by counsel. We agree with Stewart's contention.

T.R. 55(B) provides:

(B) *Default judgment.* In all cases the party entitled to a judgment by default shall apply to the court therefor; . . . If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application.

· · ·

*See also,* Official Rules of Practice and Procedure of the Circuit and Superior Courts of Marion County, Rule 29(D), effective June 1, 1975, which adopts the notice requirements in T.R. 55(B). Our Trial Rule has been narrowly interpreted to mean that where former counsel has withdrawn and the record is devoid of any appearance by the unrepresented party or a new attorney, notice of the hearing on default *need not be sent to that party. Grecco, supra; Protec-*

*tive Insurance Co. v. Steuber* (1977), Ind. App., 370 N.E.2d 406, 410; *Hogan v. Staley* (1967), 140 Ind.App. 635, 225 N.E.2d 582, 584. "It is well settled that after the withdrawal of the general appearance, the case stands as if there had been no appearance." *Id.;* 17 *I.L.E. Judgments* § 95 (1959). When attorneys Burke and Robinson withdrew their appearances for Hicks on November 3, 1976, Hicks' failure to enter an appearance on his own behalf or to hire a new attorney made him vulnerable to a default judgment *with no notice.* No evidence was presented by Hicks to excuse his failure to retain another attorney. Since the issue of notice was irrelevant in this case, we find that Hicks failed to establish excusable neglect as a basis to set aside the default.

## II.

We next examine the question as to whether the trial court had authority to grant Hicks relief under T.R. 60(B)(8) for "any other reason justifying relief from the operation of the judgment."

■ First, we note that default judgments actually consist of two stages in cases of this type: (1) the entry of default and (2) the entry of appropriate relief including damages. An entry of default is interlocutory until it determines all the rights of the parties at which time it becomes a final judgment. *Carson v. Perkins* (1940), 217 Ind. 543, 29 N.E.2d 772, 774; *Pounds v. Pharr* (1978), Ind.App., 376 N.E.2d 1193; *Henline, Inc. v. Martin* (1976), Ind.App., 348 N.E.2d 416; *Schenkel v. Citizens State Bank* (1967), 140 Ind.App. 558, 224 N.E.2d 319, 320.[2] Clearly, where the action is for a sum certain and liquidated, the final judgment can be entered and no hearing on damages would be necessary. On the other hand, if the judgment is that the defendant is defaulted and the plaintiff should recover damages but the amount is unliquidated or not otherwise determined, the order is interlocutory and the "default-

ed defendant may still appear and be heard as to the amount of damages resulting from such an interlocutory judgment." *Schenkel, supra,* at 320. *See also,* 4 *Harvey* § 55.5, at 524 (1970). Thus, in *Kirk v. Harris* (1977), Ind.App., 364 N.E.2d 145, an automobile negligence case, the plaintiff obtained a default against the defendant who failed to appear. The trial court reserved the issue as to the amount of damages to be awarded. Thereafter, the defendant appeared by counsel and demanded a jury trial on the damage question. This Court upheld the right of the defendant to a jury trial on the issue of damages under the authority of Ind.Rules of Procedure, Trial Rule 39(A)(2) and Trial Rule 55(B).

■ However, Stewart claims that provisions of T.R. 55(B) speaks of such a damage hearing as permissive only. The pertinent part of the Rule reads as follows:

(B) . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court *may* conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required. (Our emphasis)

However, under the foregoing authorities we believe it would be erroneous for a trial court to deny such a hearing where the defendant had appeared and requested same to determine the amount of unliquidated damages. At such a hearing, the defendant may cross-examine the plaintiff's witnesses and he may call witnesses of his own to prove any matters which extenuate or mitigate the damages alleged by the plaintiff. *Carson, supra,* citing *Briggs, et al. v. Sneghan, et al.* (1874), 45 Ind. 14, 24. The defendant may not, however, introduce a substantive defense, "but, subject to this qualification, he may show that the plain-

---

2. Although the initial entry of default is interlocutory in nature, it may be attacked by a T.R. 60(B) motion and an appeal taken from the ruling on said motion. *Pounds, supra; Henline, Inc., supra.*

tiff has no legal claim to any but nominal damages." *Id.* In this case, Hicks had no appearance on file at the time of the proposed default and was properly defaulted even though he had no notice of the default proceeding. If he had appeared he would have been entitled, even after default, to a hearing on damages.

In considering the issue now before us we are mindful of the language in *Green v. Karol* (1976), Ind.App., 344 N.E.2d 106, where Judge Staton, speaking for the Court, stated:

> The trial court's discretion is considerable. On the one hand, a default judgment plays an important role in the maintenance of an orderly, efficient judicial system as a weapon for enforcing compliance with the rules of procedure and for facilitating the speedy determination of litigation. On the other hand, there is a marked judicial preference for deciding disputes on their merits and for giving parties their day in court, especially in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations. See C. Wright & A. Miller, 10 Federal Practice and Procedure § 2681 (1973). The trial court, in its discretion, must balance these factors in light of the circumstances of each case.

*Id.* at 110.

In *Klapprott v. United States* (1949), 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, the Supreme Court was called upon to interpret Fed.R.Civ.P. 60(b)(6) (which contains language identical to our T.R. 60(B)(8)) in a denaturalization proceeding in which judgment had been rendered upon default, the default apparently caused by the illness and imprisonment of the petitioner. Relief was granted under FRCP 60(b)(6), and in reaching its conclusion, the Court discussed the necessity of proof in default proceedings as follows at pages 611–612, 69 S.Ct. at page 389.

> Persons charged with crime in United States courts cannot be convicted on default judgments unsupported by proof. Even decrees of divorce or *default judgments for money damages where there is any uncertainty as to the amount must ordinarily be supported by actual proof.* (Our emphasis)

On appeal, we do not set aside the findings or judgment of a trial court in a case heard without a jury unless said findings or judgment are clearly erroneous. Ind.Rules of Procedure, Trial Rule 52(A). Earlier in this opinion we held the trial court had no evidence of excusable neglect to support setting aside the entry of default against Hicks. We do, however, find some basis for that portion of the trial court's judgment reinstating Hicks' right to be heard on the matter of damages. Here, the complaint was in the nature of a declaratory judgment to determine the rights of the parties with respect to a liquor license. It concerned a contract for the sale of such license for $12,000.00 or $13,000.00. The complaint prayed for damages of $50,000.00. Judgment was entered without a hearing in the amount of $50,000.00, an amount approximately four times that of the contract price involved. There were no allegations in the complaint which could conceivably have supported damages in the amount of $50,000.00. Under these circumstances we cannot say as a matter of law that the trial court's granting of relief from the damage portion of the default judgment was clearly erroneous as outside the authority granted under T.R. 60(B)(8) permitting relief for "any other reason justifying relief from the operation of the judgment." As stated by Professor Harvey, "[t]his provision should be allowed to grant relief to a party on broad equitable grounds where under all the circumstances a need for relief is clearly demonstrated." 4 *Harvey* § 60.17, at 216 (1971).

The default proceedings herein actually consisted of two distinct stages. Consequently, we have authority to set aside the damage portion of the final default judgment while permitting the initial

default to stand. *Mullendore v. Silvers* (1870), 34 Ind. 98.[3]

This cause is reversed with instructions to the trial court to reinstate the entry of default against Hicks. The trial court is further instructed to permit Hicks to appear and defend at a hearing to determine the amount of damages to which Stewart is entitled and, thereafter, to enter an appropriate final judgment.

CHIPMAN and YOUNG, JJ., concur.

---

**3.** Since the dispositional powers granted by Ind.Rules of Procedure, Appellate Rule 15(N) are coextensive with those available to a trial court acting upon a T.R. 60(B) motion and a

motion to correct errors, T.R. 59(E), *State ex rel. Schmal v. Lake Superior Court, Room 3,* 264 Ind. 73, 339 N.E.2d 58 (1975), a trial court can afford the same relief granted herein.