# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 16 2016, 10:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert A. Plantz
Robert A. Plantz & Associates, LLC
Merrillville, Indiana

ATTORNEY FOR APPELLEE,
RICK DOEPPING

Robert Stoner
Stoner Law Office
Valparaiso, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kathy Phariss, Clara Phariss by Next Friend of, Kathy Phariss, *Appellants,* v. Sara Haynes, Rick Doepping Personally and d/b/a Shangri-La Farms, *Appellees.* | September 16, 2016 Court of Appeals Cause No. 64A03-1603-CT-572 Appeal from the Porter Superior Court The Honorable Roger V. Bradford, Judge Trial Court Cause No. 64D01-1506-CT-5549 |

**Barnes, Judge.**

# Case Summary

Clara Phariss and her mother and next friend Kathy Phariss appeal the trial court's order setting aside a default judgment against Sara Haynes. We reverse and remand.

# Issue

The sole issue is whether there was a sufficient evidentiary basis for the trial court to set aside the default judgment.

# Facts

On June 29, 2015, the Pharisses filed a complaint against Haynes and Rick Doepping. Doepping was named as a defendant both individually and d/b/a Shangri-La Farms. The facts as alleged in the complaint are that Haynes was either self-employed or worked for Doepping/Shangri-La Farms as a horse trainer. Kathy bought a thoroughbred horse for eight-year-old Clara, and they hired Haynes to train the horse. The complaint asserts that Haynes abused the horse while training it and caused it severe injuries. The Pharisses sought $50,000 in damages for Haynes's maltreatment of the horse.

Doepping/Shangri-La Farms timely answered the complaint, but Haynes did not. On August 25, 2015, the Pharisses filed a motion for default judgment against Haynes. The trial court granted the motion on August 28, 2015, entering judgment against Haynes for $50,000.

[5]     On October 6, 2015, Haynes filed a motion to set aside the default judgment under Indiana Trial Rule 60(B). In the unverified motion, Haynes's attorney stated that Haynes was in the process of moving to North Carolina when the complaint was filed and that her husband, a licensed attorney, had received a copy of the complaint but neglected to respond to it, contrary to Haynes's expectation. The motion also asserted that Haynes had taken no malicious action nor had any intent to harm the horse, but rather had acted properly at all times, and that the horse was still being ridden regularly. The motion also stated that Haynes could provide evidence to refute the Pharisses' allegations if given the chance and that a damages award of $50,000 was unconscionable. No affidavits were attached to the motion to set aside.

[6]     The trial court held a hearing on the motion to set aside on January 21, 2016. Haynes did not personally appear at the hearing. Her attorney presented argument regarding setting aside the default judgment, which essentially consisted of re-reading the statements in the motion to set aside. The Pharisses objected to the trial court's consideration of such statements, asserting that they did not constitute evidence. Counsel for Doepping/Shangri-La Farms also argued in favor of setting aside the default judgment, contending it would be more difficult to obtain discovery from Haynes if she was no longer a party in the case. The trial court ultimately concluded that it was "in the best interest of everyone concerned to have this default judgment set aside." Tr. p. 11. The Pharisses now appeal.

# Analysis

Before turning to the merits of this case, we note that Haynes has not filed an appellee's brief. Doepping/Shangri-La Farms have done so, essentially arguing on behalf of Haynes. Doepping/Shangri-La Farms assert at the outset that we should dismiss this appeal for lack of jurisdiction because the trial court's ruling setting aside default judgment was not a final appealable judgment and was not interlocutory as of right. *See Bacon v. Bacon*, 877 N.E.2d 801, 804-05 (Ind. Ct. App. 2007) (dismissing appeal where there was neither final judgment nor interlocutory order that was appealable as of right), *trans. denied*. However, Indiana Appellate Rule 2(H)(3) includes within its definition of "final judgment" an order that is "deemed final under Trial Rule 60(C)." Trial Rule 60(C) expressly provides, "A ruling or order of the court denying or granting relief, in whole or in part, by motion under subdivision (B) of this rule shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment." Thus, we have jurisdiction to entertain this appeal.

We give deference to a trial court's ruling on a motion to set aside default judgment, and we will review such a ruling for an abuse of discretion. *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). Such discretion on the trial court's behalf generally should be exercised in disfavor of default judgments. *Id.* Any doubts about the propriety of default judgment "'should be resolved in favor of the defaulted party.'" *Id.* (quoting *Allstate Ins. Co. v. Watson*, 747 N.E.2d 545, 547 (Ind. 2001)).

[9] Haynes moved to set aside the default judgment under Trial Rule 60(B)(1) for "mistake, surprise, or excusable neglect." A motion to set aside under this provision must allege a meritorious claim or defense to the judgment. Ind. Trial Rule 60(B). A party moving to set aside a default judgment pursuant to Trial Rule 60(B) bears the burden of showing sufficient grounds for relief. *Id.* "'The catalyst needed to obtain the proper relief is some admissible evidence which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery[.]'" *State Farm Fire & Cas. Co. v. Radcliff*, 18 N.E.3d 1006, 1016-17 (Ind. Ct. App. 2014) (quoting *Natare Corp. v. Cardinal Accounts, Inc.*, 874 N.E.2d 1055, 1059 (Ind. Ct. App. 2007) (in turn citing *Bross v. Mobile Home Estates, Inc.*, 466 N.E.2d 467, 469 (Ind. Ct. App. 1984))), *trans. denied*. When relief from default judgment is sought, the movant must ordinarily by affidavit or by introducing evidence at a hearing conducted on the motion establish a factual basis for the claimed ground for relief and establish that he or she has a meritorious defense. *Sears v. Blubaugh*, 613 N.E.2d 468, 469-70 (Ind. Ct. App. 1993), *trans. denied*.[1]

[10] As noted by the Pharisses, Haynes presented no admissible evidence in support of her motion to set aside default judgment. The only grounds for the motion

---

[1] There is an exception to this rule in small claims cases. *See Sears*, 613 N.E.2d at 470. Under Indiana Small Claims Rule 10(C), a trial court may only enter default judgment after first being assured that the plaintiff has presented a prima facie case; if a defendant moving to set aside a default judgment in a small claims case can show that the plaintiff failed to meet this prima facie burden, a default judgment must be set aside, even without meeting the ordinary requirements of Trial Rule 60(B). *See id.* This case was not a small claims case, and so this exception does not apply.

were stated in her attorney's unverified pleading, which were again related by the attorney at the hearing while not under oath.[2] Haynes did not personally appear and testify at the hearing on the motion to set aside, nor did she execute an affidavit in support of the motion. Unsworn statements and unverified pleadings "'constitute no proof of the facts they allege.'" *Hardiman v. Hardiman*, 152 Ind. App. 675, 680, 284 N.E.2d 820, 823 (1972) (quoting *Wabash Smelting, Inc. v. Murphy*, 134 Ind. App. 198, 206, 186 N.E.2d 586, 590 (1962) (*overruled on other grounds by McKinley v. Rev. Bd.*, 152 Ind. App. 269, 283 N.E.2d 395 (1972)). "'Self-serving statements or declarations by the party or his attorney not under oath cannot constitute any evidence of the facts they allege.'" *Id.*

[11] Doepping/Shangri-La Farms contend that the unverified statements contained within the motion to set aside should have been sufficient to have the default judgment vacated. They argue that requiring a movant to present some admissible evidence to support a motion to set aside default judgment constitutes a re-writing of Trial Rule 60(B) and that the rule does not expressly contain any such requirement. Regardless, the rule has been consistently interpreted for decades by the courts of this state to have such a requirement. *See, e.g.*, *Bross*, 466 N.E.2d at 469. The Indiana Supreme Court has never questioned that interpretation or the requirement that a motion to set aside

---

[2] Under Indiana Trial Rule 11(A), an unverified pleading means only that the attorney has read the pleading and that, to his or her knowledge, there is good ground to support the pleading and that it is not interposed for delay. By contrast, the facts or matters stated or alleged in a verified pleading may be admitted as evidence "when it is so provided in these rules, by statute or other law, or to the extent the writing or signature expressly purports to be made upon the signer's personal knowledge." T.R. 11(C).

default judgment must be supported by some quantum of admissible evidence. We continue to adhere to that requirement today. Because Haynes did not support her motion to set aside with any admissible evidence, the trial court abused its discretion in setting aside the default judgment.

## Conclusion

[12] The trial court abused its discretion in setting aside the default judgment in favor of the Pharisses and against Haynes. We reverse the granting of that motion and remand for further proceedings.

[13] Reversed and remanded.


Riley, J., concurs.

Bailey, J., concurs and dissents with separate opinion.

| | |
|---|---|
| Kathy Phariss, Clara Phariss by Next Friend of, Kathy Phariss, *Appellants,* | Court of Appeals Cause No. 64A03-1603-CT-572 |
| v. | |
| Sara Haynes, Rick Doepping Personally and d/b/a Shangri-La Farms, *Appellees.* | |

**Bailey, Judge, concurring in part and dissenting in part with separate opinion.**

I concur with the majority's conclusion that because Haynes failed to support her motion with admissible evidence of excusable neglect, the trial court abused its discretion in setting aside the default. However, because the measure of damages in this case was not certain and liquidated, the trial court should have held a damages hearing before entering judgment in the sum of $50,000. Accordingly, I would reinstate the entry of default, but would set aside the damages portion of the judgment and on remand instruct the court to hold a damages hearing at which Haynes may appear and defend.

Default judgments consist of two stages: (1) the entry of default, and (2) the entry of appropriate relief including damages. *Stewart v. Hicks*, 182 Ind. App.

308, 395 N.E.2d 308, 312 (Ind. Ct. App. 1979). "It is well established that where there is a default judgment, the plaintiff must provide proof as to the amount of the judgment." *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 656 (Ind. Ct. App. 2008). Where the action is for a sum certain and liquidated, the final judgment can be entered and no hearing on damages is necessary. *Stewart*, 395 N.E.2d at 312. However, if judgment is that one party is defaulted and the amount of damages is unliquidated or not otherwise determined, the defaulted party may still appear and be heard as to the amount of damages. *Id.*

[16] In their complaint, the Pharisses alleged that Haynes abused their horse and caused it physical injuries. The complaint sought judgment "in an amount to be determined by the trier of fact, together with punitive and exemplary damages, a reasonable attorney's fee, the costs of this action, and all other just and proper relief[.]" (App. 8.) When the Pharisses moved for default judgment, they requested $50,000 in damages. As evidence of damages, they attached three photos of the horse's injuries and Kathy Phariss's sworn affidavit, which stated:

> Inclusive of (a) the fair market value of the horse, (b) the costs incurred for medical attention, (c) lost work, (e) [sic] retraining, and other miscellaneous consequential damages associated with this matter, my damages exceed $50,000. However, for the purpose of concluding this matter at the stage of these default judgment proceedings, I waive any claims above $50,000 and state my claim at this stage to be $50,000.

(App. 14.) The trial court entered judgment for $50,000, plus interest and costs.

[17] This Court has previously held that a trial court was not required to hold a damages hearing where the damages – fifty percent of attorney fees recovered from two lawsuit settlements – were contractual and readily identifiable through simple mathematical calculation. *Fitzpatrick v. Kenneth J. Allen & Assocs., P.C.*, 913 N.E.2d 255, 269 (Ind. Ct. App. 2009). On the other hand, in a contract case where the trial court entered, then set aside, a default judgment for $50,000, this Court reinstated the default, but remanded for a damages hearing because $50,000 was more than four times the contract price and there was no further evidence in the record to support the $50,000 award. *Stewart*, 395 N.E.2d at 313-14.[3]

[18] Here, the trial court, without first holding a hearing, entered default judgment for the Pharisses in the sum of $50,000 based on three photos of a horse's injuries and Kathy Phariss's self-serving affidavit that she suffered more than $50,000 in damages, but would waive any claims above that amount. Unlike in a contract action for a specific sum, damages allegedly flowing from the abuse of a horse are not certain or liquidated. Further, I believe three photos and a conclusory affidavit proposing a $50,000 settlement are insufficient proof to either support the trial court's default judgment award or dispense with the necessary damages hearing. Accordingly, while I would reinstate the entry of

---

[3] In *Stewart*, the Court held that Indiana Trial Rule 60(B)(8) (permitting relief for "any other reason justifying relief from the operation of the judgment") provided the trial court authority to set aside only the damages portion of the judgment. *Stewart*, 395 N.E.2d at 313. Although in this case Haynes's motion primarily focused on Trial Rule 60(B)(1), she also invoked Trial Rule 60(B)(8) in both her motion and at the hearing.

default, I would set aside the damages portion of the judgment and on remand instruct the court to hold a damages hearing at which Haynes may appear and defend.